## Bemis, Appellant, *v*. Shipe.

*Taxation—Real estate—Personal property.*

A stationary sawmill, in which boilers are set in masonry, erected upon lands belonging to another, held by the owners of the mill under a lease and as to which the owners of the mill had " the right to remove at any time prior to April 1, 1906, any buildings erected by you (them) on said mill site and lumber yard," is liable to taxation as real estate for county and township purposes.

Argued May 18, 1904.    Appeal, No. 126, April T., 1904, by plaintiff, from decree of C. P. Forest Co., Nov. T., 1903, No. 1, dismissing bill in equity in case of J. M. Bemis and Harry C. Bemis, trading as J. M. Bemis & Son, v. H. A. Shipe.    Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Bill in equity for an injunction.

LINDSEY, P. J., found the facts to be as follows:

1. The plaintiffs, J. M. Bemis & Son, purchased from the Penn Tanning Company a corporation organized and doing business under the laws of the state of Pennsylvania, the hemlock timber on warrant 3672, Jenks township, Forest county, Pennsylvania, by an instrument in writing dated April 8, 1902, which was duly executed by the parties.

2. Said instrument in writing contained the following stipulation : " Second parties are to have the privilege of using sufficient land, owned by first parties, for a mill site and lumber yard at Parrish with the understanding that if they use any of the ground belonging to first party that has been previously cleared by George W. Gifford, they are to pay first party fifty dollars."    The " second parties " in said instrument are the plaintiffs in this case, and the " first parties " are the Penn Tanning Company.

3. Said instrument in writing was authorized by the board of directors of the Penn Tanning Company, either before its execution or ratified by them after its execution, according to the testimony of the president of said corporation, and just which he does not remember.

No time for the removal of the mill from said premises was

fixed in the said instrument of writing, but on July 28, 1902, the president of said company, F. W. Simmons, wrote the following letter to J. M. Bemis & Son :

" Gentlemen : Referring to the contract between us, dated April 8, 1902, you may retain the possession of the mill site and lumber yard until April 1, 1906, without other charge than that provided for in the contract referred to.   You are also to have the right to remove at any time prior to April 1, 1906, any buildings erected by you on said mill site and lumber yard.

" PENN TANNING COMPANY,

" By F. W. SIMMONS, President."

4. During the summer of 1902, J. M. Bemis & Son erected a sawmill and equipped it with the necessary machinery on warrant 3668 for the purpose of manufacturing the timber mentioned in said instrument of writing, and have been, and are now engaged in manufacturing the hemlock timber on warrant 3672.   The mill has a capacity of 40,000 feet per day.

5. Said mill and machinery was assessed to J. M. Bemis & Son for the year 1903, at a valuation of $5,000, upon which county, school poor, and road taxes were levied, amounting in the aggregate to $223.   No complaint is made as to the correctness of the valuation.

6. The said mill is what is known as a stationary mill.   The boilers are set in masonry attached to the ground.

The court, after referring to Northampton County v. Lehigh Coal and Navigation Co., 75 Pa. 461 ; Patterson v. Delaware County, 70 Pa. 381 ; Finan v. Bradford Co., 5 Pa. C. C. Rep. 224 ; Luzerne Co. v. Galland Bros. & Co., 3 Kulp, 11, held that the property was real estate subject to taxation, and dismissed the bill.

*Error assigned* was decree dismissing the bill.

*D. I. Ball,* for appellants.—The mill in question of the plaintiffs was built upon the lands of the Penn Tanning Company under a license limiting the time within which it might be removed.   The plaintiffs' property therein is personal property against which no judgment can be a lien, which a sheriff may sell upon a fi. fa. without an inquest or condemnation, and

which a constable may sell upon an execution issued from a justice of the peace, after the usual six days' notice of the same : Dalzell v. Lynch, 4 W. & S. 255 ; Bismark Bldg. & Loan Assn. v. Bolster, 92 Pa. 123 ; Sterling v. Com., 2 Grant, 162 ; Kile v. Giebner, 114 Pa. 381 ; Williams v. Downing, 18 Pa. 60 ; Lerew v. Rinehart, 3 Pa. C. C. Rep. 50.

*A. C. Brown*, for appellee.

OPINION BY BEAVER, J., July 28, 1904 :

The question raised by this appeal is, whether or not a stationary sawmill, in which boilers are set in masonry, erected upon lands belonging to another, held by the owners of the mill under a lease and as to which the owners of the mill had " the right to remove at any time prior to April 1, 1906, any buildings erected by you (them) on said mill site and lumber yard," is liable to taxation for county and township purposes.

The plaintiffs filed their bill against the defendant, praying " that an injunction may be issued, first preliminary and afterwards perpetual, restraining the defendant, H. A. Shipe, collector of taxes for the township of Jenks, from collecting the taxes so as aforesaid assessed and levied against them, and from proceeding upon his duplicate to collect the same."

It is admitted that the right to levy the tax in question is based upon the act of April 15, 1834, P. L. 509, entitled an act " relating to county rates and levies and township rates and levies." By the fourth section of said act, it is made the duty of assessors and assistant assessors of the several counties to take an account of real and personal property as follows : " I. Real estate, namely, all houses, lands, lots of ground and ground rents, mills and manufactories of all descriptions, all furnaces, forges, bloomeries, distilleries, sugar houses, malt houses, breweries, tanyards and ferries. II. The following personal estate, namely, all horses, mares, geldings and cattle above the age of four years. III. All offices and posts of profits, professions, trades and occupations, and all single freemen above the age of twenty-one years who shall not follow any occupation or callings."

It is admitted that if taxes are payable upon the property referred to, the right to assess the same for that purpose is

found in the first paragraph of this section and, in order to justify the assessment, it can be done only on the ground that the property is real estate.

The entire argument of the appellants is based upon the premise that because, as between the owners of the lands and the owners of the mill, the latter can be called personal property, it is, therefore, personal property for all purposes, and this fact is determined by the permission in a letter from the lessors or owners of the land to the plaintiffs to remove any buildings erected by them on the land belonging to the owners prior to April 1, 1906.

It may be admitted that, as between the owners of the land and the owners of the mill, the latter may be regarded and treated by them as personal property, and yet it by no means follows that in contemplation of law for other purposes it is not real estate. Without the express permission of the owners of the land to remove the buildings prior to a certain date, if nothing whatever had been said in regard to them in the original lease, they would doubtless belong to the owners of the land at the expiration of the lease, as being a part of the real estate, but such permission does not change the physical character of the property, nor does it in any way change its legal status, except as between the parties themselves and those claiming under them and as to the legal machinery through which the title of the lessees may be transferred to creditors or others who desire to secure their rights.

Under section 1, article nine of the Constitution, it is provided, that " all taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." This uniformity means equality of the burdens of taxation among the taxpayers of any municipality. It can scarcely be conceived that the legislature, even without such a constitutional provision, should intend to exempt from taxation a building upon one tract of land, because it happened to be erected upon a leasehold, under a concession of the right to remove it at the termination of the lease, and impose a tax upon a precisely similar building on an adjoining tract, because it was erected by the owner, and yet, if the contention of the appellants is correct, that would be the inevitable result.

If this be true of a sawmill, it would be true also of any other

improvements of a permanent character and, if true of a lease for five years, it would be equally true of a lease for 100 years; and this, carried to its logical conclusion, might remove any portion of the taxable real estate of any municipality from the grasp of the law for the purposes of taxation by a simple agreement between the lessors and the lessees that, as between them, the improvements should be regarded as personal property and the lessees should be permitted to remove them at the expiration of the lease.

It is not contended by the appellants that the Penn Tanning Company, the owner of the land under which they claim for a period of years the use thereof for the purpose of sawing timber taken from the lands of the owner, should pay this tax. As we understand their argument, if any tax is payable, it should be paid by the plaintiffs, but it is gravely argued that because, as between the owner of the land and the owner of the mill, the latter is personal property, it should escape taxation entirely. To state such a proposition is to demonstrate its untenable character. We have no doubt that, within the purview of the law for the purposes of assessment and taxation, the property, assessed to the plaintiffs and upon which the taxes, from the payment of which they seek to escape, have been levied, is real estate within the meaning of the first paragraph of the fourth section of the act of April 15, 1834, supra, and this would be so if the words " mills and manufactories of all descriptions " had not been included therein.

The railroad and canal cases cited by the appellants have no relevancy to the present case. The ground upon which the real estate belonging to corporations of that kind, necessary for use in the enjoyment of its corporate franchises, is exempted from taxation as real estate is that the corporation pays tax upon its capital stock and that, inasmuch as all the property necessary for its use in carrying out the purposes of its incorporation thereby pays a tax as personal property, it should not be subject to double taxation as real estate.

The reasoning in Patterson v. Delaware County, 70 Pa. 381, cited by appellants, in no way helps their contention, but in its general trend as to the necessity for equality in taxation clearly sustains the court below.

So far as the county and township authorities are concerned,

the mills of the plaintiffs and so much of the land as they may occupy in connection therewith are clearly real estate and are to be assessed and taxed as such, regardless of the agreement between them and the owner of the land, by which, as between · themselves, the buildings erected by the plaintiffs are to be regarded as personal property. This simple distinction removes all difficulty in regard to the case and justifies the assessment and taxation from which the plaintiffs seek to relieve themselves by their bill.

All of the assignments of error find their root in the one proposition that the mill is personal property and, therefore, cannot be taxed. It is not necessary to consider these assignments separately or at length. What has been said sufficiently disposes of them all.

The decree of the court below is affirmed and the appeal dismissed, at the costs of the appellants.