# Dravo Contracting Company, Appellant, v. Grambling.

*Taxation—Real estate—Personal property—Act of April 15, 1834, P. L. 509.*

Where a contracting company enters into a contract with a coal company to sink a coal shaft in land owned by the coal company and in which the contracting company has no estate or interest whatever, and in order to carry out the contract the contracting company installs boilers and an engine, a compresser, a steel tower and a dynamo which are all to be removed at the completion of the contract, such articles are personal property, not attached to the land, and therefore not taxable as land under the provisions of the Act of April 15, 1834, P. L. 509. Bemis v. Shipe, 26 Pa. Superior Ct. 42, explained and distinguished.

Argued May 2, 1910.  Appeal, No. 139, April T., 1910, by plaintiff, from decree of C. P. Cambria Co., March T., 1909, No. 3, dismissing bill in equity in case of Dravo Contracting Company v. W. R. Grambling, Tax Collector for Adams township et al.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Bill in equity for an injunction to restrain the defendants from enforcing the collection of taxes levied against certain property alleged to be real and not personal estate.  Before O'CONNOR, P. J.

From the record it appeared that in February, 1907, the Dravo Contracting Company entered into a contract with the Maryland Coal Company to sink a coal shaft in land owned by the latter.  It was necessary to carry out the contract, for the contracting company to install on the land six boilers, one hoisting engine, one compressor, one steel tower, and one dynamo.  These articles were to be removed upon the completion of the contract.  The defendants claiming that they were part of the realty, levied upon them for real estate taxes and advertised

them for sale. The court below held that they were real
estate within the meaning of the Act of April 15, 1834,
P. L. 509, and dismissed the bill.

*Error assigned* was decree dismissing the bill.

*Frank P. Barnhart*, for appellant.—The policy of the
law favors trade, and the chattel affixed for purposes of
trade is allowed to remain a chattel: Lemar v. Miles, 4
Watts, 330; Voorhis v. Freeman, 2 Watts & Sergeant,
116; Hill v. Sewald, 53 Pa. 271; Meigs's App., 62 Pa. 28;
Justice v. Nesquehoning Valley R. R. Co., 87 Pa. 28;
Mellon v. Allegheny County, 3 Pa. Dist. Rep. 422; Nat.
Bank of Catasauqua v. North, 160 Pa. 303; Silliman v.
Whitmer, 11 Pa. Superior Ct. 243; Wilkes-Barre "Times"
v. City of Wilkes-Barre, 10 Pa. Dist. Rep. 691; Dyer
Co.'s App., 21 Pa. C. C. Rep. 442; Finan v. Bradford
County, 5 Pa. C. C. Rep. 224; Vail v. Weaver, 132 Pa.
363.

*Charles C. Greer*, with him *Percy Allen Rose* and *John W.
Kephart*, for appellees.—This case is ruled by Bemis v.
Shipe, 26 Pa. Superior Ct. 42.

OPINION BY BEAVER, J., December 12, 1910:

The third assignment of error, which is based upon
and recites the decree of the court below, practically
covers the entire case.

It was agreed between the parties at the taking of the
testimony as follows: "It is hereby agreed between the
parties to this action that the sole question to be here
determined is whether or not the property in question of
the Dravo Contracting Co. is, for the purposes of taxa-
tion, real estate or personal property, and the land shall
only be considered in connection with the evidence of the
attachment of the particular property to the soil, in or-
der to enable a conclusion as to its character."

Under the agreement between plaintiff and the Mary-
land Coal Company, which was in evidence, there can be

no doubt that, as between them, the property levied upon was personal property, there being no intention on the part of the plaintiff to make it real estate, and the contract between the plaintiff and the Maryland Coal Company having been practically completed, and the plaintiff being ready to remove the property, except for the levy for the taxes, from the collection of which the plaintiff seeks to restrain the defendant.

The court below, in its opinion, says: "The manner in which the property in question is situate and attached to the soil would constitute it a part of the realty, if placed there by the owner of the soil, and one charged with the making of the assessment would undoubtedly include it in the valuation of the real estate in the absence of any knowledge on his part that it belonged to another. That it did belong to another than the owner of the soil is a fact in this case, and a fact which was known to the assessor at the time the assessment was made. It was not intended to be left upon the premises in its entirety, but the machinery at least was intended for removal after the contract had been completed.

"Bearing this fact in mind, we would be loath to declare that the property in question could be separately assessed as real estate to one not the owner of the soil upon which the property in question was found, were it not for the enactment approved the 15th day of April, 1834, P. L. 509, and the decision rendered thereon in the case of Bemis v. Shipe, 26 Pa. Superior Ct. 42. As between the owner of the soil and the above named plaintiff, the property in question is undoubtedly personal property, but, for the purposes of taxation, on the authority above named, we are obliged to hold it subject to taxation as real estate, and, therefore, enter the following order: And now, April 20, 1909, the bill upon which this proceeding is predicated is dismissed at the costs of the appellant, unless exceptions be filed within ten days." Exceptions were filed but overruled by the court, and the bill finally dismissed.

It is not surprising that the court hesitated to declare that the property in question could be separately assessed as real estate to one not the owner of that soil upon which the property in question was found, but bases its conclusion upon Bemis v. Shipe, 26 Pa. Superior Ct. 42, as overcoming the disposition of the court. In this we think the court was in error, overlooking the facts upon which the case of Bemis v. Shipe was decided which were entirely different from those now under consideration. In that case, the property assessed for taxation was a mill situated upon leased land. It came, therefore, within the category of real estate, as contained in the first paragraph of sec. 4 of the act of April 15, 1834, reciting the various kinds of property subject to taxation, the real estate including "all houses, lands, lots of ground and ground rents, mills and manufactories of all descriptions, all furnaces, forges, bloomeries, distilleries, sugar-houses, malt-houses, breweries, tan-yards and ferries." The plaintiff in that case also had an estate in land, which was distinct and subject to taxation.

In this case it is practically conceded and clearly appears by the testimony, that the plaintiff had no estate whatever in the land. On the other hand, it is alleged in the bill, which fact is not contradicted by the testimony, that the property in question was placed upon the land of the Maryland Coal Company, for which the plaintiff was under contract to sink a mining shaft and air shaft in connection with the mining of bituminous coal. It is clear, therefore, that, as between the plaintiff and the Maryland Coal Company, the property in question was personal property.

In Vail v. Weaver, 132 Pa. 363, it was held that "The engine, machinery and appliances of an electric light plant do not pass with the real estate upon which it is operated, to the purchaser of the realty at a sale under a mortgage judgment, unless it was the intention to make the plant a part of the realty when it was erected. Mere physical annexation is no longer the test: Hill v. Sewald,

53 Pa. 271; Seeger v. Pettit, 77 Pa. 437; Morris's Appeal, 88 Pa. 368." See also National Bank of Catasauqua v. North, 160 Pa. 303.

The articles in question which were levied upon by the collector, not being included, directly or remotely, with what is classed as real estate in the act of April 15, 1834, and the plaintiff having no estate whatever in the land upon which these articles were placed for a special purpose, and merely temporarily we do not think the case of Bemis v. Shipe applies as to any of the grounds upon which it was ruled, and the court below would have been entirely justified in following its inclinations instead of its interpretation of the case which, in its opinion, obliged it to rule otherwise. The articles levied upon were, as we view it, clearly personal property and, as they are not subject to taxation under the act of 1834, above mentioned, or any other law to which our attention has been called, we are of opinion that the decree of the court should be reversed.

Decree reversed, the plaintiff's bill and the preliminary injunction granted thereon reinstated, and the record remitted to the court below for the purpose of making that injunction perpetual, as prayed for in the plaintiff's bill. Costs to be paid by the appellee.