# County of Franklin *v.* W. A. McClean, Appellant.

*Taxation—State lands—Real estate—Improvement on land leased from the state—Forest lands—Exemption—Constitution of Pennsylvania, Article IX, section 1—Acts of April 15, 1834, P. L. 509—April 29, 1844, P. L. 497, section 32—June 7, 1923, P. L. 498.*

In an action of assumpsit on a case stated to determine the validity of a tax, the facts set forth were that defendant leased land from the State Forestry Department and thereon constructed buildings under an agreement that at the end of the term he should be allowed to remove them. This property was included in a tax subsequently levied by the county.

Improvements constructed on land leased from the Commonwealth are subject to a county tax as real estate, even though by the terms of the lease they are removable at the end of the term. Such property comes within the express provisions of the Acts of April 15, 1834, P. L. 509, and May 29, 1844, P. L. 486, defining what property shall be taxed as real estate.

The annual tax imposed by the Act of June 7, 1923, P. L. 498, upon state forest lands for the benefit of counties which would otherwise suffer hardship from the exemption of such lands is not a tax, but a gratuity merely. Therefore the assessment of such lands when leased by the Commonwealth does not create a double tax thereon in violation of Article IX, section 1, of the Pennsylvania Constitution requiring uniformity of taxation upon the same class of subjects within the territorial limits of the authority levying the tax.

Argued October 25, 1927. Appeal No. 115, October T., 1927, by defendant from judgment of C. P., Franklin County, No. 96, February T., 1927, in the case of the County of Franklin v. W. A. McClean. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Amicable action in assumpsit on a case stated to determine the validity of a tax. Before DAVIDSON, P. J.

The facts are stated in the opinion of the Superior Court.

Judgment for plaintiff in the sum of $2.40. Defendant appealed.

*Error assigned* was the decree of the court.

*Wm. Arch McClean,* for appellant.—Improvements removable at the termination of the lease are personal property: Ridgway v. County Commissioners, 5 Montgomery County Law Reporter 25; Boyd v. Hood, 57

Pa. 98; Appeal of the City of Pittsburgh, 23 W. N. C. 91; Spencer v. Darlington, 74 Pa. 286; Northampton County v. Lehigh Coal & Navigation Co., 75 Pa. 461.

*J. R. Ruthrauff,* for appellee.—Lands leased and improved by the lessee are taxable in his hands as though he owned the fee: Bemis v. Shipe, 26 Pa. Superior Ct. 42; Dravo Contracting Co. v. Grambling, 45 Pa. Superior Ct. 72.

OPINION BY GAWTHROP, J., March 2, 1928:

On June 9, 1923, the Department of Forests and Waters of the State Government, pursuant to the authority conferred upon it by Section 1603 of the Administrative Code approved June 7, 1923, P. L. 498, leased to the appellant a lot of ground in that part of the State forest which is situated in Greene Township, Franklin County, the dimensions thereof being one hundred and twenty-eight feet by one hundred feet, as a site for a temporary building to be used for health and recreation, for the period of ten years at a rental of $15 per year with the privilege, upon the termination of the lease, to remove the buildings placed thereon by him. He erected thereon a house, garage and other improvements. In the year 1925, the local assessors assessed as real estate "the property of the defendant (appellant) as above stated," and the valuation of $600 so made was returned to the county commissioners for taxation. For the year 1926 the county commissioners levied a tax of four mills on the dollar for county purposes on all real estate in the County of Franklin and the amount of the county tax levied against appellant on said property was $2.40. On an application by him to the Board of Revision to strike off the assessment, that tribunal sustained the assessment. No complaint was made as to the correctness of the valuation. But upon a case stated for the opin-

ion of the court below on the question whether the property so assessed is subject to taxation as real estate for county purposes, the assessment was sustained and judgment was entered against appellant in the sum of $2.40, with costs. The same question is raised by this appeal.

It is argued for appellant (1) that the buildings erected on said land are personal property and, therefore, not taxable as real estate; (2) that the assessment of the tax violates Section 1 of Article IX of the Constitution of Pennsylvania providing for uniformity of taxation upon the same class of subjects within the territorial limits of the authority levying the tax; and (3) that the land is not subject to local taxation because it belongs to the sovereign state.

(1) The right to levy the tax in question is based upon the Act of April 15, 1834, P. L. 509, which act, as amended by the Act of May 29, 1844, P. L. 486, 497, provides for the taxation as real estate of ''houses, lands, lots of ground, and ground rents, mills and manufacturies of all kinds, furnaces, forges, bloomeries, distilleries, sugar houses, malt houses, breweries, tan yards, fisheries and ferries, wharves,'' and other like property. Appellant's first contention is that the structures assessed are personal property and not real estate because they were not attached to the land to become a part thereof, but are merely temporary and removable by him at the termination of the lease. The decisions in cases involving similar facts are against him. The same argument was made in Bemis v. Shipe, 26 Pa. Superior Ct. 42, in which the question raised was whether or not a stationary sawmill erected upon lands belonging to another, held by the owners of the mill under a lease giving the lessee the right to remove any buildings erected by him thereon, was liable to taxation for county and township purposes. It was pointed out in the opinion that while as between the

owners of the land and the owners of the mill, the
latter may be regarded and treated by them as per-
sonal property, yet it does not follow that in contem-
plation of law for other purposes it is not real estate.
It was decided that the mill was real estate within the
meaning of the paragraph of the Act of 1834 above
quoted, and that so far as the county and township au-
thorities were concerned, the mill and so much of the
land as was occupied in connection therewith were to
be assessed and taxed as such, regardless of the agree-
ment between the parties that the mill was to be re-
garded as personal property.    The decision of our
Supreme Court in Pennsylvania Stave Company's Ap-
peal, 236 Pa. 97, is to the same effect.    One of the ques-
tions raised in that case was whether a manufacturing
plant consisting of a sawmill, houses, shops, sheds and
barn standing upon leased ground were subject to tax-
ation as real estate.    It was argued for appellant that
the buildings were trade fixtures and not real estate,
on the theory that appellant was merely a tenant with
the right to remove all the buildings when the timber
was cut.    The court said: "The company has an es-
tate for a term of years in the twenty-six acres of land,
and this estate, together with the permanent improve-
ments thereon is a proper subject of taxation under the
Act of April 15, 1834, P. L. 509........The legislature
had the power to say what kinds of property should be
taxed as real estate and it exercised this power in the
Acts of 1834 and 1844.    The property involved in this
proceeding comes within the express provisions of
these statutes, and it would be sticking in the bark to
hold that this valuable estate should be exempt from
taxation, because the stave company was not the
owner of the fee in the land demised to it for a term of
years.    In this connection it should not be overlooked
that the stave company is the owner of the sawmill,
......with the right to remove the same at the expira-

tion of the term, and that during the occupancy of the land, it has an estate in the demised premises. In no proper legal sense can the buildings in question here, ......be treated as personal property under our taxing statutes." "The Act of April 29, 1844, Section 32, P. L. 497, does not make fee ownership a prerequisite to an assessment of property. The taxation of houses, mills, and factories does not depend upon the ownership of the land. The taxing statutes look to the nature of the structure rather than to the technical legal distinction as to what constitutes real estate:" Cowanshannock C. & C. Co.'s Tax Assessment, 283 Pa. 122, 125.

(2) The next contention of appellant is that the assessment violates Section 1 of Article IX of our Constitution providing that "all taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." Our statutes provide that all forest reservation lands acquired by the Commonwealth shall be exempt from taxation from the time of their acquisition, but that for the purpose of relieving the citizens of certain sections of the State from the hardship resulting from the exemption of forest reserve land from taxation, such lands shall be subject to an annual charge, to be paid by the State, of one cent per acre for the benefit of the counties in which the same are located, and an annual charge of three cents per acre for the benefit of the schools and roads in the respective districts in which the same are located. It is urged on behalf of appellant that if the assessment of the tax involved in the present suit is sustained, the improved forest land involved will bear a greater burden of tax than other lands of the same class similarly held, but not owned by the State, because the county, township and school district will receive not only the bonus due thereon from the State, but also the taxes assessed thereon against the lessee,

while land owned by an individual bears only the burden of assessed taxes.    This argument is specious but we think it is not sound.    It is premised upon an apparent misconception of the nature of the bonus paid by the State as aforesaid on forest reserve acreage, which is in no sense a tax and has not a single attribute thereof.    It is merely a gratuity paid by the State to those counties, townships and school districts which have suffered a loss in revenue from taxes collected upon real estate by the withdrawal of State owned forest land from local taxation.    Manifestly, therefore, the contention that the assessment and collection of the tax in controversy violates the constitutional provision under consideration must fall.

(3)    Lastly, it is urged that the property is not subject to taxation as real estate because the land belongs to the State, whose sovereignty attaches to every interest therein.    The general rule is that land, the title to which is in the State, is not subject to taxation for local purposes; and, as already stated, the land here involved is exempted by statute from taxation.    But it by no means follows that the estate which appellant has in that land and the house which he has erected thereon are not subject to taxation.    The property assessed for taxation is a house situated upon leased land.    It comes, therefore, within the category of real estate, as contained in the first paragraph of Section 4 of the Act of April 15, 1834, reciting the various kinds of property subject to taxation: Dravo Contracting Co. v. Grambling, 45 Pa. Superior Ct. 72.    Appellant has an estate in the land which is distinct from the title of the State and this, with the house erected thereon, is subject to taxation.    We regard the fact that appellant's estate is held under the State as lessee, rather than under an individual, as immaterial.    The tax is not laid against the State nor its interest in the land.    As stated in Cowanshannock C. & C. Co.'s case, supra, the act under

which this tax was laid does not make fee ownership a pre-requisite to an assessment of property for tax purposes; and the right to tax a house does not depend upon the kind or character of the estate the owner thereof may have in the land upon which it is located. (Pennsylvania Stave Co.'s Appeal, supra.) Nor does it depend upon the fact that the estate of the landlord is subject to taxation. It would be sticking in the bark to hold that while an estate for a term of years in land, with a house erected thereon, is a proper subject of taxation when the lessor is an individual, a similar estate held on a lease from the State is exempted from taxation. This is not a case in which land belonging to the State or any interest of the State therein has been assessed for taxation. We are not impressed by the argument that the provisions in the statutes, requiring the State to pay a bonus to the counties, townships and school districts in which state forest lands are located in lieu of the revenue formerly obtained from the taxation of said lands, are consistent only with the theory that the local taxing authorities may in no case collect a tax upon an estate acquired by a lessee in a part of such lands. The State's sovereignty in the forest reserve lands so guards them that its title thereto cannot be divested by a tax sale by the local tax gatherer. But in our view that sovereignty does not prohibit the taxation of an estate of a lessee in a part thereof, which falls within the express provisions of the Acts of 1834 and 1844.

For these reasons we are constrained to hold that the law justifies the assessment and taxation from which appellant seeks to be relieved.

The judgment is affirmed at the appellant's cost.