## Charges on State Forest Lands

ARNOLD, Deputy Attorney General, January 8, 1935.—You inform us that two townships of the second class in which are located lands acquired by your board formally determined to levy no road tax for the year 1934. You ask whether under those circumstances you should require fixed charges paid to those townships under section 805 of the Act of May 24, 1923, P. L. 359, as last amended by the Act of June 9, 1931, P. L. 455, to be refunded to your board.

The fixed charges which that section requires the Commonwealth to pay are, by reference, made the same as the charges which the Commonwealth pays on account of State forest lands under the Act of May 17, 1929, P. L. 1798. That act provides that all forest lands held by the State shall be exempt from local taxation, but shall be subject:

". . . to an annual charge of one cent per acre, for the benefit of the county in which said lands are located, two cents per acre for the benefit of the schools in the respective school districts in which such lands are located, and two cents per acre for the benefit of the roads in the township where such lands are located, which charge shall be payable by the Commonwealth. . . ."

We assume that the determination of the authorities of the townships in question not to levy a road tax for the year 1934 is the result of the operation of the Act of June 3, 1933, P. L. 1520. That act made certain appropriations from the Motor License Fund to be used by the Department of Highways for the maintenance and repair of roads in second class townships not otherwise maintained by the Commonwealth. The act further required the township authorities in fixing the tax rates for 1934 and 1935 to reduce the road taxes by an amount equal to the amount received under the provisions of the act, as compared with the amount levied for road and street purposes in the year 1932.

That Act of 1933 did not take over township roads as State highways. It simply made available certain State moneys for use on township roads, in relief of the taxpayers of the townships.

In our opinion the mere fact that a township as the result of receiving assistance from the State in the shape of maintenance of its roads, has decided not to levy a road tax in a particular year is not sufficient to deprive the township of the fixed charges which it is entitled to receive on account of forest and game lands held by the Commonwealth. These fixed charges are not taxes: County of Franklin v. McClean, 93 Pa. Superior Ct. 165 (1928). Therefore, the Commonwealth would not be excused from making the payment on the ground that the Act of 1933 was intended to decrease the burdens of taxpayers.

The fact that the township has determined not to levy a tax does not mean that it will not use the moneys received from the Commonwealth as fixed charges for the benefit of the roads of the township. The State maintenance under the Act of 1933 does not necessarily include all the roads of any township, nor does it necessarily take care of every expense on roads so maintained. There are likely to be road expenses which the township itself must bear in spite of this aid.

In our opinion the only fact which would deprive the township of its right to have and retain the fixed charges would be a determination of the township authorities not to use the money for the benefit of the roads under any circumstances. That has not occurred in the cases which you have submitted to us.

Therefore, we advise you that, on the facts stated, the townships in question are entitled to retain the fixed charges paid to them on account of State game and forest lands, even though no road tax has been levied for the current year.

From C. P. Addams, Harrisburg, Pa.