## Payment of Township Charges on Game Lands

MARGIOTTI, Attorney General, March 8, 1935.—This department is in receipt of your request of January 22, 1935, for an opinion on the question whether the Commonwealth (Board of Game Commissioners) may legally pay fixed charges to the county commissioners, to be used for maintaining bridges in territory formerly included in a township which is not now a part of any township.

We understand the facts that raise the inquiry are as follows:

Barclay Township of Bradford County has been discontinued as a unit of local government. The Game Commission, in the name of the Commonwealth, holds certain game lands therein. The check issued in payment of the fixed annual charge of 2 cents per acre for the benefit of the roads of the township issued for 1934 has been returned.

It further appears that all of the roads in the particular township are maintained by the Commonwealth. The County Commissioners of Bradford County are required, however, to maintain the bridges in Barclay Township, and in view of the fact that there is no longer a board of road supervisors ask that

the 2 cents per acre annual charge be paid to them to be used for maintaining bridges in Barclay Township.

I am of the opinion that the request cannot be granted.

In a previous formal opinion issued by this department under date of January 8, 1935, by the then Deputy Attorney General Harris C. Arnold, Charges on State Forest Lands, 22 D. & C. 429, it was pointed out that the fixed charges imposed by the Game Code of May 24, 1923, P. L. 359, as amended by the Act of June 9, 1931, P. L. 455, are in no sense a tax, but are voluntary payments made by the Commonwealth in lieu of taxes. See also County of Franklin v. McClean, 93 Pa. Superior Ct. 165 (1928).

In the opinion cited it is very properly said:

"The fixed charges which that section requires the Commonwealth to pay are, by reference, made the same as the charges which the Commonwealth pays on account of State forest lands under the Act of May 17, 1929, P. L. 1798. That act provides that all forest lands held by the State shall be exempt from local taxation, but shall be subject:

"'. . . to an annual charge of one cent per acre, for the benefit of the county in which said lands are located, two cents per acre for the benefit of the schools in the respective school districts in which such lands are located, and two cents per acre for the benefit of the roads in the township where such lands are located, which charge shall be payable by the Commonwealth. . . .'"

It will be observed that while the annual charge of 1 cent per acre is for the general benefit of the county, and the 2 cents per acre for the general benefit of the schools, the 2 cents per acre payable to the township is paid solely for the benefit of the roads. There is no authority in the act to use the 2 cents so directed to be paid for the benefit of the roads of the township for any other purpose.

While it may be said that the word "road" in its widest sense might include a bridge, it is not generally used in that sense in Pennsylvania. Thus, for example, the present Township Code of May 1, 1933, P. L. 103, 53 PS §§19093-1901, as well as the Act of July 14, 1917, P. L. 840, which it replaces, distinguish between roads and bridges, and treat of them separately in different articles. Moreover, in the case of Sewer Street, 8 Pa. C. C. 226, 228, the court points out that what is called a street in a city is customarily called a road in the country.

Since the State now maintains the roads of the township and no further expenditures are necessary for the roads, it follows that the 2 cents per acre need no longer be paid. The act does not authorize payment to the county for the maintenance of the township bridges, however laudable that purpose may be.

Aside from this, there is a further impelling reason why the 2 cents per acre for the use of the roads cannot be paid to the county commissioners as requested, viz., section 2 of the Act of May 17, 1929, P. L. 1798, which expressly provides that:

"The Secretary of Forests and Waters shall certify to the respective counties, school districts, and townships throughout the Commonwealth, in which such lands are located, the number of acres owned by the Commonwealth . . . in each . . . township, upon application of the treasurer or road supervisors of any of the said counties, school districts, or townships, and the charge against the same; . . . The State Treasurer shall, upon requisition of the Secretary of Forests and Waters, and the warrant of the Auditor General, pay to the several counties, school districts, and townships the amounts due the same from

the Commonwealth, and derived under this act, *upon due application therefor made by the treasurers or road supervisors of the said counties, school districts and townships.*" (Italics ours.)

Here, since the township is no longer in existence there are no road supervisors to whom certification of acreage can be made or by whom application can be made for warrant as required by this act.

You are, therefore, advised that the application of the Commissioners of Bradford County, requesting payment to them of the 2 cents per acre annual charge payable for the benefit of the roads of the township, should be refused.

From C. P. Addams, Harrisburg, Pa.