## Commonwealth v. Clearfield County et al.

*A. R. Chase* and *Walter M. Swoope*, for petitioners.

*Frank Smith* and *Robert V. Maine, John J. Pentz* and *M. L. Silberblatt*, for defendants.

BELL, P. J., October 7, 1946.—The Commonwealth of Pennsylvania, through the Department of Public Assistance, on November 5, 1945, filed a petition requesting a rule to show cause why an assessment of a house and lot in the name of John B. Hewitt in Houston Township, Clearfield County, should not be stricken from the records. The taxes had not been paid on this property since 1935, and the petition averred that the Commonwealth had purchased the property at three different treasurer's sales for unpaid taxes between 1936 and 1942 inclusive. The owner has failed to redeem the property, and the same assessment has continued on the records for the years 1943, 1944 and 1945. The petition prays that the assessment be stricken from the records and that the county treasurer be restrained from advertising the property again for public sale, averring that as the property is held in the name of the Commonwealth of Pennsylvania, the various taxing districts are without authority to assess or levy taxes on this property while so held.

Defendants admit the sale and purchase of the property but deny that it is used for public purposes and therefore exempt from taxation. They also contend that a rule to show cause is not the proper procedure in which to have this proceeding determined.

John B. Hewitt and his wife, on November 7, 1940, signed a reimbursement agreement in the amount of $2,000 authorizing the Department of Public Assist-

ance to confess judgment for such sums as were advanced. This agreement provides that the judgment shall be a lien against the property "but shall not be subject to execution on such judgment during my lifetime or the lifetime of my spouse or dependent children." Judgment was entered to 64, February term, 1941.

The Act of May 29, 1931, P. L. 214, provides that, at any judicial sale of property on which the Commonwealth, any department, board or commission thereof, hold any lien, or for any other public account, the Commonwealth, acting through the Department of Justice, is authorized and empowered to bid and protect the interests of the debtor, and the title shall be taken in the name of the Commonwealth. Section 3, as amended May 15, 1945, P. L. 568, 72 PS §1414, provides that all property so purchased shall be held until such time as the department, board, commission or officer charged with the duty of collecting the money covered by the lien, shall deem it advisable to dispose of the same, except as otherwise provided in said act. It is not claimed that the Commonwealth of Pennsylvania was not entitled to purchase this property at the various tax sales.

Is a petition for rule to show cause the proper procedure with which to have the propriety of this assessment questioned? In the case of Howard J. Short v. Board of the School District of Upper Moreland Township, 108 Pa. Superior Ct. 503, a rule to show cause was awarded and then discharged by the lower court. The Superior Court held that the rule should not have been granted in the first place and was properly discharged in the lower court, saying that a rule to show cause is not original process in any case except where specially so provided by statute. In Petrovich Appeal, 155 Pa. Superior Ct. 138, the

Superior Court in an opinion dated July 15, 1944, said on page 139:

"A rule is not an original process but is 'auxiliary, and for the facilitating of jurisdiction already acquired', (Mitchell, Motions and Rules p. 3) except where it is authorized by statute to be used as an original process". See also Dipasquale's Estate, 52 D. & C. 19.

In Commonwealth of Pennsylvania, State Employes' Retirement System v. Dauphin County et al., 335 Pa. 177, a petition to strike off an assessment was filed, but there is no mention of any rule being issued. In a recent opinion handed down March 25, 1946, in the case of Commonwealth of Pennsylvania, Department of Public Assistance v. John Udzienicz or John Udziewicz, 150, January term, 1945, the Court of Warren County issued a rule to show cause. The Supreme Court did not discuss the propriety of the rule issued. We have examined two county court opinions, one being Commonwealth of Penna., Dept. of Labor & Industry, State Workmen's Insurance Board v. County of Dauphin et al., 80, Commonwealth docket, dated December 3, 1945, by Judge Woodside; the other being Commonwealth of Penna., Dept. of Public Assistance v. County of Northumberland et al., 196, September term, 1944. The procedure was similar to the one used at bar, but the propriety of the issuance of rule was not discussed.

As there is no statutory provision for the issuance of a rule to show cause why an assessment should not be stricken off, and as the Fourth to Eighth Class County Assessment Law of May 21, 1943, P. L. 571, provides that improper assessments can be corrected, we are of the opinion that the rule issued in this proceeding must be discharged and will so order, directing same without prejudice to the right of the Commonwealth to renew its application by proper pro-

cedure as we believe that, title now being vested in the Commonwealth, the property is exempt from taxation for local purposes.

The power to tax can only be such as authorized by the legislature. The State Constitution, article 9, sec. 1, authorizes the General Assembly to exempt from taxation public property used for public purposes. The power to tax rests exclusively in the legislature: The General County Assessment Law of May 22, 1933, P. L. 853, followed by the Fourth to Eighth Class County Assessment Law of May 21, 1943, P. L. 571, 72 PS §§5020-204 and 5453.202 Article 2, sec. 201, authorizes the taxation of real estate for county, township, school, institutional and poor taxes. Clause 7 of section 202 exempts from such taxation "all other public property used for public purposes with the ground thereto annexed and necessary for the occupancy and enjoyment of the same, but this shall not be construed to include property otherwise taxable which is owned or held by an agency of the Government of the United States."

The Act of June 20, 1939, P. L. 498, Sec. 5, 72 PS §5971i, provides that every sale for taxes shall discharge the lien of every obligation for which said property may become liable except ground rent, municipal claims and unpaid taxes or mortgages which were recorded before the taxes became a lien. A two-year period of redemption is provided. Section 4 exempts from discharge only such tax liens as have priority, and section 9 sets out what liens are exempt from discharge, judgments not being included.

Defendants contend there is no averment in the petition that the Department of Public Assistance purchased this property as an investment or to protect any investment, and claim that, on the contrary, the purchase was solely for the benefit of the recipient of public assistance and his family.

In the case of County of Franklin v. W. A. Mc-Clean, 93 Pa. Superior Ct. 165, the land was owned by the State and leased. The court stated on page 172: "This is not a case in which land belonging to the State or any interests of the State therein has been assessed for taxation". We are not informed that defendants contend that only the right of John Hewitt to live on this property is assessed for taxes, but contend that they are justified in taxing the land itself as it is not used for public purposes.

In Commonwealth of Pennsylvania, State Employes' Retirement System v. Dauphin County et al., 335 Pa. 177, the Supreme Court discussed, on page 183, what was a public purpose:

"The old landmarks cannot be our exclusive guides, for our social panorama has been extended along broad lines, calling for the institution of new and different relationships between government and members of the general public. The category of governmental functions has been constantly enlarged with new governmental operations to meet changing conditions. Proprietary functions have also increased with the times."

In that case the court held that notwithstanding the fact that the property was rented for commercial purposes, the real estate was, in effect, used for public purposes as a State agency received all the revenue, saying: "So long as the use of the property by the State is public there can be no constitutional violation". On page 185:

"The fact that revenue is derived from the property or that it is leased for private use does not preclude the existence of a public use by the Commonwealth. . . .

"Here the chief use of this property by the Commonwealth is as an investment of the retirement fund, and merely a temporary investment. The duty of the

Retirement System's officers is to dispose of the property as soon as it is advisable to do so, and the presumption is that this duty is not being violated."

In the case of Commonwealth ex rel., Schnader v. Liveright, 308 Pa. 35, the Department of Public Assistance was held to be performing a governmental function and thus a public service. Plaintiff cited an opinion of the Attorney General, Formal Opinion 477, dated September 23, 1943, 1943-1944 Opinions of the Attorney General 145, to the effect that property acquired to protect a lien of the Department of Public Assistance is exempt from taxation.

In a recent case, Commonwealth of Penna. v. County of Dauphin et al., 57 Dauphin Co. Rep. 215, Judge Woodside, in an opinion dated December 3, 1945, held that a building purchased by the Workmen's Insurance Board was exempt from local taxation. He held that case to be ruled by the case of the State Employes' Retirement System v. Dauphin County, supra, stating (p. 219) : ". . . it is not necessary for the Legislature to specifically declare the Workmen's Compensation Insurance Fund to be free from taxation in order for the real estate purchased by the Fund to be free from local taxation".

Judge Woodside criticized the unfairness of these purchases to other taxpayers and pointed out that Justice Kephart mentioned in the State Employes' Retirement System case that the holding would only be temporary, whereas, at the time of the opinion the buildings had been held for over five years, and were in fact held from 1934 to 1945 and then only sold after the buildings had burned. In the State Workmen's Insurance Board case, Judge Woodside noted that the property had been held for five years on a rising market, saying on page 223:

"Local taxing authorities are likely to suffer severely as a result of this ruling, but the law is so

definitely established that they must look to the Legislature and not to the Courts for relief. The purpose of permitting the Commonwealth to go into the real estate business is to enable it to protect its investments 'temporarily', but unfortunately once in the business it finds it profitable, and the tendency of the governmental agency to continue its investment in the real estate is definitely encouraged by the advantage it gains over other property holders by its freedom from local taxation. It is not difficult to conceive that a state agency may never consider it 'advisable' to dispose of its interest in real estate, particularly when located in a higher tax area.

"Considering the tremendous increase in governmental funds during the last twenty years, the taking over of real estate by the Commonwealth for the protection of its investment of these funds is destined to become an increasing burden to local taxing authorities."

In the case of Commonwealth v. Northumberland County et al., 16 Northumberland L. J. 393, President Judge Morganroth says in an opinion dated September 5, 1944, that the monies used by the Department of Public Assistance are for public purpose, that the department was authorized to bid. On page 397:

"It may occur to someone that the effective method of pointing to a statute clearly authorizing municipal subdivisions to tax properties which are owned by the Commonwealth under circumstances similar to the property in the case at bar, is to have such an act passed by the General Assembly."

In a recent case in the Supreme Court of Pennsylvania, Commonwealth v. Udziewicz et al., 353 Pa. 543, Justice Drew, in an opinion dated March 25, 1946, held that the judgment of the Department of Public Assistance was divested by a tax sale, pointing out that the question of the State sovereignty was not in-

volved, approving the holding of Judge Wade in the Court of Common Pleas of Warren County that when the State entered into a contract of reimbursement it stepped down from its sovereign position. See also 25 R. C. L. 392.

The Department of Public Assistance, under the reimbursement agreement, could not issue an execution during the lifetime of the recipient of relief, his spouse or any dependent children. Having purchased the property, what their procedure will be as to disposing of same is only speculation. As pointed out by Judges Woodside and Morganroth, the situation brought about by permitting an agency of the State to buy property and not promptly dispose of it is manifestly unfair to other taxpaying property holders. We also note that in the Dauphin County case the State Workmen's Insurance Board said efforts to dispose of the property were to be presumed and need not be pleaded. We note that in 1934 the legislature did pass an act requiring these properties to be disposed of, which act was vetoed by the then governor.

For the reasons previously mentioned in this opinion, upon this matter being properly before the court, we will affirm the Commonwealth's right to exemption of the property mentioned, but join the other courts in urging that the legislature should take some affirmative act to relieve this situation.

## Order

Now, June 7, 1946, the rule to show cause why the tax assessments in the name of John B. Hewitt in Houston Township, Clearfield County, should not be stricken off, is refused for the reasons mentioned in the foregoing opinion without prejudice to the rights of the Commonwealth to raise the same question by original process.