**Gulf Oil Corporation v. Cumberland County**

2

*M. R. Lower*, for plaintiff.

*George B. Stuart*, for defendant.

SHUGHART, P. J., May 5, 1956.—Plaintiff, Gulf Oil Corporation, filed its complaint in equity to restrain the County of Cumberland and the Township of Upper Allen from assessing and collecting real estate taxes on plaintiff's leasehold interest in the Mechanicsburg Service Station of the Pennsylvania Turnpike. Defendants in their answer admit that plaintiff's leasehold is for a term of years, and that the fee simple title to the real estate and improvements involved is vested in the Pennsylvania Turnpike Commission. There has been no assessment of the land to the Pennsylvania Turnpike Commission.

Under new matter, defendants set forth facts indicating that the restaurant on the leased property may not be employed exclusively for the use of persons traveling on the Pennsylvania Turnpike.

Plaintiff has filed preliminary objections to the answer and new matter in the nature of a demurrer or motion for judgment on the pleadings.

The first question involved is whether a leasehold interest for a term of years is assessable and taxable as real estate under the laws of this Commonwealth.

The Fourth to Eighth Class County Assessment Law of May 21, 1943, P. L. 571, sec. 201, as amended, 72 PS §5453.201, refers to the subjects of assessment in fourth to eighth class counties. Cumberland is a county of the sixth class. That act provides, inter alia:

"The following subjects and property shall as here-

inafter provided be valued and assessed . . . for all county, borough, town, township, school . . . purposes, . . .

"(a) All real estate, to wit: Houses, buildings, lands, lots of ground and ground rents, mills and manufactories of all kinds, and all other real estate not exempt by law from taxation. . . ."

Our courts have held that the power of local taxation is a delegated power strictly limited by the terms of the legislative grant: In re Curtis' Estate, 335 Pa. 414: Commonwealth, etc., v. Dauphin County, 335 Pa. 177; Commonwealth ex rel. v. Pommer, 330 Pa. 421. It is admitted by defendants that title and ownership of all of the houses or buildings located on the leased premises is in the Pennsylvania Turnpike Commission and not in plaintiff. It follows, therefore, that plaintiff's leasehold can be taxed only if it can be considered as "real estate" or "lands" within the meaning of the statute quoted above.

Statutes delegating the tax power of the Commonwealth must be strictly construed. In Commonwealth v. Philadelphia Rapid Transit Co., 287 Pa. 190, 196, the court said: "Taxing statutes should receive a strict construction . . .; the words should be clear and unambiguous . . .; it is not enough to show that the absence of a tax works injustice . . .; nor can the words be extended by implication; and in cases of doubt the construction should be against the government." (Citations omitted.)

The law of Pennsylvania has always been that a leasehold is not real estate or lands but personalty. In Townsend v. Boyd, 217 Pa. 386, 394, the court said: "A leasehold interest is not real estate, but merely a chattel real, which is personal property." See, also, Kile v. Giebner, 114 Pa. 381; Brown v. Beecher, 120 Pa. 590; Fortunato v. Shenango Limestone Co., 278 Pa. 499; Davis v. Investment Land Co., 296 Pa.

449; First National Bank of McAdoo v. Reese, 356 Pa. 175.

In the argument in support of the assessment of the instant leasehold, the county solicitor refers to the fact that the service station here involved was built by plaintiff which, in turn, transferred it to the Pennsylvania Turnpike Commission which leased it back to plaintiff. (Plaintiff states, in a supplemental brief, that it leased the ground from the commission under an agreement which provided that plaintiff would construct the buildings at its own expense; title, however, to the buildings to rest in the commission.) Reference is made to the extensive use made of the premises by plaintiff and its sublessees. The fact remains, however, that the lease is for the term of 25 years, at the end of which all of plaintiff's interest in the land and buildings terminates. Therefore, while the terms of the lease differ from those of the ordinary leasehold, plaintiff's interest is that of an estate for years only. The circumstances here are readily distinguishable from those in a line of cases holding that the leaseholds of mineral and timber rights are assessable for taxation: Moore's Appeal, 4 Dist. R. 703; Vogelbacher v. Walker, 7 D. & C. 661; Gilberton Fuels, Inc. v. Philadelphia & Reading Coal & Iron Co., 342 Pa. 192.

The basis for the assessment of these leaseholds is set forth in Moore's Appeal, supra, at page 705: "The principle deduced from these . . . cases is, that where all the coal, oil or other mineral underlying a tract of land is conveyed by deed or lease, the grantee takes an estate in land assessable and taxable to him. But if the instrument is but a lease for a definite term, with the probability or possibility of its reversion to the grantor, the estate is not assessable as land to the grantee." It is obvious that the leasehold interest of 25 years here involved cannot be assessable under the theory of the cases cited above.

Defendants have relied upon the case of Berks County v. Penn Ohio Steel Corp., 84 D. & C. 245, to support the assessment of plaintiff's leasehold. In that case the court held that under the assesment law, ante, a tenant could be taxed for the fair value of its leasehold interest in a manufacturing plant owned by the Federal Government. Unmistakably, this decision is authority for the proposition that a leasehold interest is assessable for tax purposes. The court based its decision upon two appellate court decisions, neither of which can be considered as authority for the result reached by the court in the Berks County case.

The first of the decisions relied upon was Pennsylvania Stave Company's Appeal, 236 Pa. 97 (1912). In that case appellant was the owner of a "large and well equipped sawmill, twenty-eight houses, single and double, office, shop, sheds and barn. The buildings are all substantially built upon permanent foundations. *They stand upon leased ground but belong to appellant company*". (Italics supplied.)

These permanent structures were assessed as real estate for the purpose of taxation. The court held that appellant's interest was a proper subject for taxation under the Acts of 1834 and 1844 which provided for "the taxation as real estate of 'houses, lands, lots of ground, and ground rents, mills, manufactories ... ' ". The court said at page 101:

"It will be noticed that under the general term 'real estate' the act specifically *names many kinds of structures* to be included as proper subjects of taxation. *Houses, mills and manufactories of all kinds are included in the enumeration with the evident intention of making them subjects of taxation as real estate. There is no suggestion that the taxation of houses, mills and factories is made to depend upon the kind or character of the estate the owner may have in the land*

*upon which the buildings are located.* The taxing statutes look to the nature of the structure, whether it be permanent or not, rather than to the technical legal distinctions as to what constitutes real estate. . . . In this connection it should not be overlooked that the stave company is the owner of the sawmill, houses, sheds, shops and barn, *with the right to remove the same at the expiration of the term,* and that during the occupancy of the land, it has an estate in the demised premises. *In no proper legal sense can the buildings in question here be considered trade fixtures, nor* can they be treated *as personal property* under our taxing statutes." (Italics supplied.)

The second case relied upon in the Berks County case, supra, was the case of County of Franklin v. McClean, 93 Pa. Superior Ct. 165 (1927). In that case the Department of Forests and Waters of the Commonwealth leased to McClean a part of a State forest tract "as a site for a temporary building to be used for health and recreation, for the period of ten years . . . upon the termination of the lease, to remove the buildings placed thereon by him". McClean erected a house, garage and other improvements on the lot. The court held that the property of appellant, as above stated, was properly taxable as real estate. The decision, as the stave company case, involved an interpretation of the Acts of 1834 and 1844 quoted above. The court said, at page 168:

"Appellant's first contention is that the structures assessed are personal property and not real estate because they were not attached to the land to become a part thereof, but are merely temporary and removable by him at the termination of the lease. The decisions in cases involving similar facts are against him. The same argument was made in Bemis v. Shipe, 26 Pa. Superior Ct. 42, in which the question raised was

whether or not a stationary sawmill erected upon lands belonging to another, held by the owners of the mill under a lease giving the lessee the right to remove any buildings erected by him thereon, was liable to taxation for county and township purposes. It was pointed out in the opinion that while as between the owners of the land and the owners of the mill, the latter may be regarded and treated by them as personal property, yet it does not follow that in contemplation of law for other purposes it is not real estate. It was decided that the mill was real estate within the meaning of the paragraph of the Act of 1834 above quoted, and that so far as the county and township authorities were concerned, the mill and so much of the land as was occupied in connection therewith were to be assessed and taxed as such, regardless of the agreement between the parties that the mill was to be regarded as personal property."

It is clear that both the stave company case and the Franklin County decision are authority for the proposition that the buildings involved were taxable under the statutes as real estate and not for the proposition that leaseholds are taxable.

In other jurisdictions, in instances where statutes provide for the taxation of real estate generally, the power to tax leaseholds is not granted and may not be exercised because, under common law, leaseholds are considered as personalty and not real estate: Cooley Taxation (4th Ed.) §558; 51 Am. Jur., Taxation, §§435, 436.

We are constrained to follow the weight of authority and conclude that plaintiff's leasehold is not subject to assessment for taxation under The Fourth to Eighth Class County Assessment Law of May 21, 1943, as amended, supra. In view of this result it is unnecessary to pass upon the question of whether or not the

service station is exempt from taxation as public property which is used in the performance of a governmental function.

And now, May 5, 1956, at 8:30 a.m., for the reasons given, plaintiff's demurrer to defendants' answer and new matter is sustained, and it is ordered and directed that plaintiff's leasehold interest in the land in question is not assessable for tax purposes as real estate, and that all assessments of said interests heretofore entered, and the taxes levied thereupon, be and are hereby stricken from the records.