John J. Gain and Thomas C. Egan, both of Philadelphia, Pa., for appellant.

Alexander N. Rubin and Hirschwald, Goff & Rubin, all of Philadelphia, Pa., and G. Harold Watkins, of Frackville, Pa., for appellee.

Before BIGGS, MARIS, and BIDDLE, Circuit Judges.

## CITY OF PHILADELPHIA v. STRAUB.

## In re HARLEIGH–BROOKWOOD COAL CO.'S ESTATE.

### No. 7018.

Circuit Court of Appeals, Third Circuit.

Aug. 9, 1939.

BIDDLE, Circuit Judge.

This appeal involves the construction of a mining lease to determine whether the lessor or the lessee's trustee in bankruptcy is entitled to the equipment, machinery and supplies placed on the mine by the tenant and used in its operation. The referee in bankruptcy found for the trustee, and the lower court sustained the Referee. The lessor appealed.

Nearly a month after the adjudication in bankruptcy the lessor served a notice of forfeiture on the bankrupt in accordance with a provision of the lease; and thereafter filed a reclamation petition asserting title to the property. At the time of the bankruptcy the tenant owed four months' rent, but no notice of forfeiture had then been given. The question is, therefore, who

had title to this property immediately before the bankruptcy. To the extent that this is governed by the intention of the parties we must look to the lease for its expression. Article XXII alone expresses any intention, and sets forth what shall happen when the lease expires, and when it is forfeited. Forfeiture is covered by Article XXV, and results where the lessee's default has continued for sixty days after service of notice. Before the bankruptcy, therefore, neither expiration nor forfeiture had occurred, and Article XXII is not applicable, except as its language throws light on the parties' intention as to title before expiration or forfeiture. It provides that at expiration the property shall be appraised, at the lessor's option, and he is allowed to "retain" it at the appraised valuation. "Retain" hints that the lessor keeps what is his; but in effect the transaction is a purchase by the lessor from the lessee. If lessor does not exercise this option lessee may remove the improvements. If there is a forfeiture the lessee is not entitled to an appraisal of the improvements, which "shall be taken to be the absolute property of the lessor." From these words there is some indication that it was intended that the lessor's title arose from the forfeiture, and therefore did not exist before.

The older criteria of annexation to the real estate, or whether the improvements are necessary for the operation of the leased premises, have given way to the modern rule usually expressed by saying that the intention of the parties as to whether the property shall be treated as real estate, and therefore as belonging to the landlord, or as personal property, and so the tenant's, shall govern. The change doubtless came from the difficulty in determining when attachments to the land became a part of it. Ultimately such a rule must mean intention as to title, not as to the nature of the property, if the intention of the parties, and not a somewhat metaphysical classification, is to control. Parties usually do not speculate as to whether improvements are realty or personalty, but do consider who owns them. For the modern test therefore the provisions of leases often afford little help, and intention is constructed by the courts from reasoning more adapted to the older conception.

In the case of Wick v. Bredin, 189 Pa. 83, 42 A. 17, a lease for coal lands contained a clause allowing the lessee to abandon the lands and remove the improvements. A creditor of the lessee levied on them. The lessor declared a forfeiture, under a forfeiture clause similar to that before us, by reason of nonpayment of rent, and claimed the property as part of his real estate. The court held that the provision allowing the lessee to remove showed an intention to treat the property as personalty; that this intention governed; that the property was therefore the lessee's; and that a forfeiture under the clause in the lease of the lessee's property to the lessor was "odious" and would not be enforced. Wick v. Bredin, supra, is perhaps distinguishable—the lessee's rights there were broader. But it presents substantially the same situation as here, and its authority is applicable. Here too the forfeiture bears no relation to any liquidated damages, and as a penalty will not be enforced. Penn-Ohio Gas Company v. Frank's Heirs et al., 322 Pa. 233, 185 A. 280; Whiteside v. Rocky Mountain Fuel Co., 10 Cir., 101 F.2d 765. The cases cited by appellant [1] do not deal with forfeiture of the property but forfeiture of the lease, upon a breach by lessee, an enforceable clause. And in Re American Fork Exploration Co., 8 Cir., 291 F. 746, there was no forfeiture of property, which, under the express provisions of the lease, the lessee had no right to remove, and which went to the lessor at the end of the term.

Appellant says the trustee should not have the property without paying the rent. But the rent claimed is for a period prior to bankruptcy, there is no claim for use and occupancy; and no theory of equitable lien can be extracted from the language of the lease. In the Rocky Mountain Fuel Co. case, supra, such a lien was expressly provided, and was held enforceable under Colorado law. We need not consider therefore whether, if found in this lease, it would be enforceable under the law of Pennsylvania, although the lessor had taken no steps to perfect it before bankruptcy.

Judgment affirmed.

---

[1] Sproul v. Help Yourself Store Co., 3 Cir., 16 F.2d 554; Empress Theatre Co. v. Horton, 8 Cir., 266 F. 657; Lindeke v. Associates Realty Co., 8 Cir., 146 F. 630; Potter v. Gilbert, 177 Pa. 159, 35 A. 597, 35 L.R.A. 580. In the last case the landlord, on forfeiture of the lease, was allowed to keep the improvements at their appraised value—obviously not a forfeiture of the property.