# Winthrop, Appellant, *v.* Arthur W. Binns, Inc.

Argued November 12, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Harry Norman Ball,* for appellant.

*Horace M. Burton,* for appellee.

OPINION BY ROSS, J., January 17, 1947:

This is an equity proceeding in which a bill for an accounting was filed by the owner and mortgagor of a certain property against the assignee of the mortgage.

On May 15, 1928, the plaintiff and her husband borrowed $15,000 from the Main Line Building and Loan Association and as security therefor executed and delivered to the association a bond and mortgage upon property owned by the plaintiff and known as the Dreycott Apartments in Haverford, Montgomery County. The mortgagors defaulted in payments and in November 1932 the association entered judgment on the bond and issued execution thereon, attaching the rents from the property. Shortly after the issuance of the attachment execution, it was agreed between the mortgagee and the husband mortgagor that the latter

should collect the rents from the lessees, manage the property and remit the net rents to the mortgagee. This arrangement was carried out until the mortgage was assigned to the defendant on November 14, 1941 which, on or about that date, after notifying the tenants to pay the rentals to it, entered into possesion of the property by collecting the rentals until July 1944.

It is well settled in Pennsylvania that a mortgage, although in form a conveyance of title, is in reality only a security for payment of money or performance of other collateral contract. As between the parties it is a conveyance so far as is necessary to enforce it as a security. Although the mortgagor remains the real owner of the mortgaged property, the mortgagee is entitled to its possession, to be held as security until his debt is paid. *Bulger v. Wilderman and Pleet,* 101 Pa. Superior Ct. 168. The mortgagors being in default, the assignee of the mortgage entered into possession of the mortgaged premises and was entitled to remain in possession until the mortgage debt was paid in full. *Commonwealth Trust Company Case,* 331 Pa. 569, 1 A.2d 662. The mortgage included the ". . . Rents, Issues and Profits thereof", and if a mortgagee or assignee collects rent from a tenant by virtue of the right so to do given by the mortgage, he must account therefor to the mortgagor or those claiming title under him and allow the net amount as credit on the mortgage debt. *Randal v. Jersey Mortgage Investment Co.,* 306 Pa. 1, 158 A. 865. A mortgagee while in possession of the mortgaged premises and collecting the rents is a quasi or constructive trustee for the owner and must account to the latter for the rents and profits so received. *Provident Trust Co. v. Judicial B. & L. Assn. et al.,* 112 Pa. Superior Ct. 352, 171 A. 287; *David Oil Co. v. Fogle,* 354 Pa. 150, 47 A.2d 209; *Integrity Trust Co. v. St. Rita B. & L. Assn.,* 112 Pa. Superior Ct. 343, 171 A. 283. A trustee may not profit at the expense of the beneficiary. *Commonwealth Trust Company Case,* supra, 331 Pa. 569, 1 A.2d 662.

The issue in this case is whether the defendant is entitled to retain $962.76 from rentals collected by it as a five per cent. commission on those rentals. The court below held that it is, and entered a decree in plaintiff's favor for $345.95, being the difference with interest between the amount found due on the mortgage and the amount in the defendant's hands. After exceptions filed by the plaintiff were dismissed, this appeal was taken.

There was no agreement—either in the mortgage or elsewhere—to pay rental commissions to the defendant and on the contrary, the mortgagors objected to its collecting the rentals and expressed a willingness and desire to continue to manage the property and to collect and remit the rentals as they had done for eight years.

In Jones On Mortgages, Eighth Edition, Vol. II, sec. 1449, at page 940, it is stated: "A mortgagee in possession is not entitled to compensation for his own trouble in taking care of the estate and renting it, although there is an agreement between him and the mortgagor that he shall have such compensation. The reason given for this rule is, that to allow such compensation would tend directly to facilitate usury and oppression. And moreover the care he bestows is for the furtherance and protection of his own interests, being not an agent, but for the time, as it were, the owner . . .". Although the defendant had the *right* to collect the rentals, there is no *reason* shown in the entire record before us for its exercise of that right, at the expense of the mortgagors, except for the "furtherance" of its own interests. The mortgagors had managed the property and collected the rentals so efficiently and successfully that the mortgage debt had been reduced to $1500 when the defendant entered into possession.

It could not be contended that the defendant could successfully bring a suit in assumpsit against the mortgagors to recover a commission on the rentals collected. There was no express contract and none can be implied

from the circumstances in this case. The mortgagors were not benefited in any way by the defendant's collection of the rentals, and, if compelled to pay the commission, would be damaged to that extent with no consequent benefit to them. The circumstance that the defendant had in its hands more than sufficient money with which to pay itself its claimed commissions does not alter the legal proposition involved.

We are of the opinion that a mortgagee in possession is not entitled to compensation for his own services in connection with management of the mortgaged property and collection of rentals unless equitable considerations require otherwise, and in this case the equities are with the plaintiff. We believe that the sound rule is stated in 41 Corpus Juris, sec. 582, as follows: "The weight of authority favors the rule that a mortgagee in possession is not entitled to compensation for his services in supervising the mortgaged property; but this rule is not inflexible and will be modified where equitable considerations require it."

The decree of the court below is modified, and the record is remitted to the court below that an order may be made in accordance with this opinion, costs to be divided equally between appellant and appellee.