Costar Marine Tax Assessment Appeal. Alexander Costar and Mary Louise Costar, d/b/a Costar Marine, Appellant.

448

Argued November 3, 1977, before Judges CRUM-LISH, JR. and BLATT, sitting as a panel of two.

*P. Raymond Bartholomew,* with him *Cusick, Madden, Joyce and McKay,* for appellant.

*William J. Begley,* Assistant Solicitor, for appellee.

OPINION BY JUDGE BLATT, February 2, 1978:

The Appellants, Alexander Costar and Mary Louise Costar, do business as Costar Marine, and have appealed here from an order of the Court of Common

Pleas of Mercer County which affirmed a tax assessment made by the Mercer County Board of Assessment and Revision of Taxes (Board).

The Appellants lease federally owned land under an agreement with the Army Corps of Engineers, and their lease gives them the right to erect certain structures on this land which will remain their property but which must be removed on or before the expiration or termination of the lease. They built such a structure, a steel service building, at their own expense, and Mercer County taxed this building pursuant to the taxing powers granted by The Fourth to Eighth Class County Assessment Law[1] (Act). The Board and the lower court upheld the imposition of the tax and it is from this determination that the Appellants here appeal.

The question of entitlement to tax exemption is a mixed one of law and fact and, absent any abuse of discretion or lack of supporting evidence or an error of law, the decision of the court below is binding on this Court. *See Lutheran Social Services v. Adams County Board for Assessment and Revision of Taxes,* 26 Pa. Commonwealth Ct. 580, 364 A.2d 982 (1976). The Appellants argue that the building is exempt from local taxation under state law and alternatively under the doctrine of federal immunity from state taxation.

Article 8, Section 2 of the Pennsylvania Constitution provides that the "General Assembly may by law exempt from taxation . . . (iii) [t]hat portion of public property which is actually and regularly used for public purposes." Accordingly, the General Assembly in Section 202(a)(7) of the Act has exempted the following from local taxation:

---

[1] Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. §5453.101 et seq.

450

> All . . . public property used for public purposes with the ground thereto annexed and necessary for the occupancy and enjoyment of the same; but this shall not be construed to include property otherwise taxable which is owned or held by an agency of the Government of the United States.

72 P.S. §5453.202(a)(7).

The lower court held that, because the building at issue is the Appellants' property by the very terms of the lease, it cannot be exempt as public property used for public purposes.

It is the intention of the parties to a lease which governs to whom the property belongs. *City of Philadelphia v. Straub,* 106 F.2d 172 (3rd Cir. 1939). Moreover, as a matter of law, structures which are built by a lessee, with the right to remove them at the conclusion of the lease are taxable separately to the lessee-owner of the structure as real estate owned by the lessee. *Pennsylvania Stave Company's Appeal,* 236 Pa. 97, 84 A. 761 (1912); *Board of Assessment and Revision of Taxes of Northampton County v. Bethlehem Housing Authority,* 10 Pa. Commonwealth Ct. 524, 311 A.2d 723 (1973). Our Supreme Court has held that property may be declared exempt from taxation "only if the title thereto is held by a tax exempt body." *H. K. Porter Co. Appeal,* 421 Pa. 438, 219 A.2d 653 (1966). Our Superior Court, in a case similar to this one, where buildings were constructed on land leased from the government and which would be removed at the conclusion of the lease, held that the buildings were not tax exempt and were therefore properly taxable. *County of Franklin v. McClean,* 93 Pa. Superior Ct. 165 (1928). Here, under the applicable lease, the building constructed by Appellants was clearly their property, not public property, and we must conclude therefore that it is not exempt from real estate taxes

under state law as public property used for public purposes.[2]

The Appellants argue in the alternative that, while the building may not be exempt as a matter of state law, it does enjoy federal immunity from state and local real estate taxes. It is, of course, an established principle of law that a state and its political subdivisions cannot constitutionally levy a tax directly against the United States, its property or instrumentalities, in the absence of an express congressional consent. However, in *United States v. County of Fresno*, 50 L. Ed. 2d 683, 692 (1977), the Supreme Court of the United States has recently held that a state may "raise revenues on the basis of property owned by the United States as long as that property is being used by a private citizen or corporation and so long as it is the possession or use by the private citizen that is being taxed." In that case a local tax had been levied on the value of houses which were properly attributed to individual possessory interests, and, in this case, the County of Mercer has sought to tax only the possessory interest of Costar Marine. Inasmuch as our Pennsylvania Supreme Court has held that assessment of a building owned by a lessee is proper regardless of the nature of the fee owner, *Pennsylvania Stave Company's Appeal, supra,* we must conclude that the building here concerned is not exempt from taxation as a matter of federal immunity or state law and the order of the lower court must be affirmed.

---

[2] This Court, as well as the lower court, does not reach the issue of whether or not the building was used for public purposes, having concluded it was not public property. For a review of the law on tax exempt status of public property leased to private individuals and its use for a public purpose, *see Reading Municipal Airport Authority v. Schuylkill Valley School District*, 4 Pa. Commonwealth Ct. 300, 286 A.2d 5 (1972).

## ORDER

AND Now, this 2nd day of February, 1978, the order of the Court of Common Pleas of Mercer County in the above-captioned matter is hereby affirmed.