Venango Federal Savings and Loan Association, Appellant *v.* County of Venango et al., Appellees.

Argued March 2, 1983, before Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

314

*Henry W. Gent, III, Gent, Daniels, Thompson & Gent*, for appellant.

*Robert W. McFate*, for appellee, Oil City Area School District, with him *T. Gregory Williams*, for appellee, County of Venango, and *F. Walter Bloom, III*, for appellee, City of Oil City.

OPINION BY JUDGE CRAIG, April 8, 1983:

In this case, the general question is:

Under deeds conveying a "term" of thirty-three years in land, and containing a habendum clause which states that "any improvements thereon will automatically revert to and revest in" the grantor at the end of that term, where the grantee has erected buildings on the land, may the local taxing bodies subject the grantee's interest in the land and buildings to real estate tax assessment?

The facts embodied in that question, established by stipulation, are undisputed. Venango Federal Savings and Loan Association has succeeded to the original grantee's interest by sheriff sale, and the Commonwealth has succeeded to the interests of the original grantor, with respect to this 1.38 acres of land in the third class City of Franklin, Venango County.

The court of common pleas, with a scholarly opinion by Judge BREENE, upheld the taxability of the grantee's interests, and Venango Federal Savings and Loan Association is the appellant here.

The taxability of real estate for third class city and school district purposes follows the statute governing taxability for county purposes,[1] and the applicable county assessment law[2] subjects "[a]ll real estate" to taxation, including "buildings, lands, lots of ground, and ground rents. . . ."

Under a substantial line of cases, the interests of a grantee or lessee under a term or estate for years is subject to taxation where there are indicia that the title to the improvements, as well as the leasehold itself, remains in the lessee during the term. Frequently, the touchstone has been the ability of the lessee to remove the structures. In *Costar Marine Tax Assessment Appeal,* 33 Pa. Commonwealth Ct. 447, 450, 382 A.2d 156, 157 (1978), we summarized and cited that line of cases as follows:

It is the intention of the parties to a lease which governs to whom the property belongs. City of Philadelphia v. Straub, 106 F.2d 172 (3rd Cir. 1939). Moreover, as a matter of law, structures which are built by a lessee, with the right to remove them at the conclusion of the lease are taxable separately to the lessee-owner of the structure as real estate owned by the lessee. Pennsylvania Stave Company's Appeal, 236 Pa. 97, 84 A. 761 (1912); Board of Assessment and Revision of Taxes of Northampton County v. Bethlehem Housing Authority, 10 Pa.

---

[1] The Third Class City Code, Act of June 22, 1931, P.L. 932, §2531, *as amended,* 53 P.S. §37531; Public School Code of 1949, Act of March 10, 1949, P.L. 30, §676, *as amended,* 24 P.S. §6-676.

[2] The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, §201, *as amended,* 72 P.S. §5453.201.

Commonwealth Ct. 524, 311 A.2d 723 (1973). Our Supreme Court has held that property may be declared exempt from taxation "only if the title thereto is held by a tax exempt body." H. K. Porter Co. Appeal, 421 Pa. 438, 219 A.2d 653 (1966). Our Superior Court, in a case similar to this one, where buildings were constructed on land leased from the government and which would be removed at the conclusion of the lease, held that the buildings were not tax exempt and were therefore properly taxable. County of Franklin v. McClean, 93 Pa. Superior Ct. 165 (1928).

Another case in the same line, as noted by the trial court here, was Bemis v. Shipe, 26 Pa. Superior Ct. 42 (1904), where the lessee was empowered to remove improvements at the end of the term.

At the other end of the spectrum is Gulf Oil Corp. v. Cumberland County, 8 D. & C.2d 1 (1956), where President Judge SHUGHART held that a building erected on Turnpike Commission land was not taxable because it had been conveyed to the commission and leased back to the lessee.

In the present case, the difficulty is that the habendum clause language does not speak expressly to the grantee's title or right to remove the buildings during the term, or before its end, but only states that, at the end of the term, they "will automatically revert to and revest in" the grantor.

The determinative issue, therefore, is whether such language, by barring the grantee from removing the buildings at or after the end of the term, thereby imports that title is in the grantor during the term, or, to the contrary, by providing that the improvements "will revert" to the grantor at the end of the term, thus implies that such title remains in the grantee until that time.

Venango Savings and Loan here cites *Earle v. Arbogast & Bastian,* 180 Pa. 409, 36 A. 923 (1897), for the rule that, in the absence of an express covenant on the subject, the law implies that the lessee must avoid any impairment of the "demised premises." That citation, however, misses the mark because we here do have deed language to construe, albeit incomplete; moreover, the very question is whether or not the improvements must now be treated as part of the "demised premises" rather than as the tenant's improvements.

After reviewing the deed language here, in the light of all the cases, our conclusion is to agree with and adopt Judge BREENE's interpretation and conclusion, which he stated as follows:

The decision of this Court rests on our interpretation of the habendum clause, . . . which provides in relevant part that at the end of the term of years "the hereditaments and premises, with the appurtenances hereby conveyed and with *any improvements thereon will automatically revert to and revest in and with the* said Venango Campus, Inc., *party of the first part*" (emphasis added). As stipulated the Commonwealth of Pennsylvania now holds the reversionary interest previously held by Venango Campus, Inc. . . .

The language of the habendum clause establishes that the title to any improvements has not yet vested in any person succeeding to the interests of the original party of the first part. Absent any alternate stipulation that the improvements will vest other than as described above this Court must conclude that all title to improvements on the land is currently vested in the Plaintiff. . . .

In essence this Court finds that the Plaintiff's interest in the buildings on the leasehold falls

closer to the Bemis and Stave Company line of cases than to the Gulf Oil line. In this regard it is of no moment that the leaseholder cannot remove his buildings upon the termination of the leasehold. The very real possibility that Plaintiff could remove his buildings at any time from now until the moment just before the lease termination dictates that he be taxed.

The result we reach today does not do injury to either the Gulf Oil nor Bemis and Stave Company lines of cases. The well reasoned opinion of President Judge SHUGHART in Gulf Oil aptly summarizes the decision reached by this court. "It is clear," he wrote, "that ... the Stave Company case (is) authority for the proposition that the buildings involved were taxable under the statutes as real estate and not for the proposition that leaseholds are taxable."
We accordingly affirm.

ORDER

Now, April 8, 1983, the final order of the Court of Common Pleas of Venango County in this case, dated April 1, 1982, and the decree entered pursuant thereto on April 21, 1982, are affirmed.