536 A.2d 860

Halfway Coal Yard, Inc., Appellant *v.* County of Centre, Appellee.

Argued November 20, 1987, before Judges MAC-PHAIL and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Darryl R. Slimak,* with him, *John W. Blasko, Mc-Quaide, Blasko, Schwartz, Fleming & Faulkner, Inc.,* for appellant.

*Thomas K. Kistler* and *Robert K. Kistler, Miller, Kistler & Campbell, Inc.,* for appellee.

OPINION BY JUDGE MACPHAIL, January 29, 1988:

Halfway Coal Yard, Inc. (Appellant) has appealed from a decision of the Court of Common Pleas of Centre County which ordered that four of five affirmative defenses raised by Appellant in response to an action filed by Centre County (County) for the collection of unpaid taxes be stricken. We affirm.

We must preliminarily address the issue of whether the instant appeal should be quashed as interlocutory.[1]

---

[1] Since the issue of appealability of an order is jurisdictional in nature, it is proper for this Court to raise the issue *sua sponte* where it has not been raised by the parties. *Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985). An appeal, of course, may be brought only from a final order unless otherwise permitted by statute or rule. *Id.* No specific statute or rule is applicable here which would provide

The order appealed from resolved several matters including the County's preliminary objections to Appellant's New Matter. It would appear on initial review that the order is, in fact, interlocutory since it does not end the litigation or dispose of the entire case. Nevertheless, the order may be determined to be final for purposes of appeal if, as a practical matter, it effectively puts Appellant out of court. *See Upper Allen Township v. Zoning Hearing Board of Upper Allen Township,* 77 Pa. Commonwealth Ct. 582, 466 A.2d 292 (1983).

The order of the common pleas court in the instant case precludes Appellant from asserting the following defenses to the County's action for collection of unpaid taxes on mineral rights allegedly owned by Appellant: (1) that the assessment was not made in accord with statutory procedures relating to real estate assessments; (2) that Appellant is not the owner of the mineral rights in question; (3) that the Board of Assessment Appeals did not meet in a duly advertised public meeting to authorize the subject assessments and (4) that the County lacks authority to levy the taxes at issue. Thus, we must determine whether the common pleas court's action in striking these defenses effectively puts Appellant out of court. We conclude that it does.

In the case of *Department of Environmental Resources v. Wheeling-Pittsburgh Steel Corp.,* 473 Pa. 432, 375 A.2d 320, *cert. denied,* 434 U.S. 969 (1977), our Supreme Court was presented with an issue similar to that involved here. The matter involved an action brought by the Department of Environmental Resources (DER) in Commonwealth Court to enforce a prior unappealed DER order. Wheeling-Pittsburgh

an exception to the general requirement that the order appealed from be final. *See* Section 762 of the Judicial Code, 42 Pa. C. S. §762 and Pa. R.A.P. 311(a) (relating to interlocutory appeals as of right).

Steel Corporation (Wheeling) sought to challenge the validity of the existing DER order. By way of preliminary order, this Court refused to hear evidence regarding the underlying validity of the DER order and Wheeling appealed. The Supreme Court ruled that our order was not interlocutory since it denied Wheeling the right to present evidence regarding what could potentially be a complete defense to the enforcement action. *See also Posternack v. American Casualty Co. of Reading,* 421 Pa. 21, 218 A.2d 350 (1966). As a result, the Court concluded that our order precluding the defense effectively put Wheeling out of court, rendering the order "final" for appeal purposes.

We believe that the same result must obtain in the matter at bar. The defenses which were stricken by the common pleas court could, if meritorious, have provided a complete defense against the collection action brought against Appellant by the County. The court's action, therefore, effectively put Appellant out of court and renders the order final for purposes of appeal.[2]

Turning to the merits of the case, it is well settled that where the Legislature has provided a specific statutory remedy without preserving a parallel right to resort directly to the courts, such remedy is exclusive and

---

[2] The Superior Court in *Elderkin, Martin, Kelly, Messina & Zamboldi v. Sedney,* 354 Pa. Superior Ct. 253, 511 A.2d 858 (1986), *allocatur denied,* 513 Pa. 640, 521 A.2d 932 (1987), has questioned the continued vitality of *Wheeling-Pittsburgh* in view of the Supreme Court's more recent analysis of appealable orders in *Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985). We note that *Wheeling-Pittsburgh* was neither specifically overruled nor cited in *Fried.* We believe that *Wheeling-Pittsburgh* continues to control cases where, as here, a potential *complete* affirmative defense to an action is precluded by the trial court. *Cf. Fidelity Bank v. Duden,* 361 Pa. Superior Ct. 124, 521 A.2d 958 (1987) (disapproving, as overly broad, the interpretation of *Fried* which is suggested by the court in *Elderkin*).

must be strictly pursued. *Concerned Taxpayers v. Beaver County Board of Assessment Appeals,* 75 Pa. Commonwealth Ct. 443, 462 A.2d 347 (1983). Thus, a person is foreclosed from collaterally attacking a tax assessment where it has failed to pursue available statutory appeal procedures. *In Re: Petition of Mausoleum Construction Co.,* 55 Pa. Commonwealth Ct. 504, 423 A.2d 809 (1980); *Dowlin v. Coatesville Area School District,* 22 Pa. Commonwealth Ct. 433, 350 A.2d 190 (1975). An exception to this rule applies where a substantial constitutional question has been raised which renders the statutory remedy inadequate. *Hudson v. Union County,* 50 Pa. Commonwealth Ct. 378, 413 A.2d 1148 (1980), *appeal dismissed,* 505 Pa. 604, 482 A.2d 1273 (1984).

Section 701(b) of The Fourth to Eighth Class County Assessment Law (Law),[3] 72 P.S. §5453.701(b) provides, in pertinent part, as follows:

> *Any person aggrieved by any assessment* whether or not the value thereof shall have been changed since the preceding annual assessment, or any taxing district having an interest therein, *may appeal to the board for relief.*

(Emphasis added.) Appellant contends that the statutory remedy provided by Section 701(b) of the Law would have been inadequate to resolve the issues raised by the affirmative defenses which it presented to the trial court. In particular, Appellant contends that the Board of Assessment Appeals could not have resolved the issue of whether Appellant was the owner of the mineral rights on the real estate at issue. We think it is obvious, however, that the question of who owns a particular taxable interest in real estate would be central to the validity of the assessment and would present an

---

[3] Act of May 21, 1943, P.L. 571, *as amended.*

issue clearly within the province of the board of assessment appeals to resolve initially in the statutory appeals process.[4] *See Venango Federal Savings & Loan Ass'n v. Venango County,* 73 Pa. Commonwealth Ct. 313, 457 A.2d 1340 (1983) (resolving, in a tax assessment appeal, the issue of whether a grantee or lessee under a term or estate for years is subject to taxation).

Since the other three affirmative defenses also raise issues which clearly should have been raised in an assessment appeal, we find no error in the decision of the court of common pleas to strike them from Appellant's New Matter.[5] We, accordingly, will affirm the order of the common pleas court and remand for further proceedings.

## ORDER

The order of the Court of Common Pleas of Centre County, dated September 24, 1986, in the above-captioned matter is hereby affirmed insofar as it ordered stricken the First, Second, Third and Fourth Defenses asserted by Halfway Coal Yard, Inc. in New Matter. We additionally order that the case be remanded for further proceedings.

Jurisdiction relinquished.

---

[4] As noted by the County, Section 306 of the Law, 72 P.S. §5453.306, requires that current real estate ownership records be maintained by the board.

[5] We must reject as meritless Appellant's argument that the court of common pleas considered facts *de hors* the record in ruling on the County's preliminary objections to New Matter. The issue raised by the County's preliminary objections did not require the consideration or assumption of additional facts, but rather, raised an issue of law regarding the proper forum for the defenses raised in Appellant's New Matter.