589 A.2d 279

FILBERN MANOR APARTMENTS, Appellant,

v.

BOARD OF ASSESSMENT APPEALS and The Borough of West Newton, Westmoreland County and The Yough School District, Appellees.

FILBERN MANOR APARTMENTS

v.

BOARD OF ASSESSMENT APPEALS and The Borough of West Newton, Westmoreland County, and The Yough School District.

Appeal of BOROUGH OF WEST NEWTON, Westmoreland County and The Yough School District.

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 1991.

Decided April 3, 1991.

Robert M. Danenberg, Riley & DeFalice, P.C., Greensburg, for appellant/appellee.

John M. Campfield, Campfield & Ferraro, Greensburg, for appellees/appellants.

Before COLINS and PALLADINO, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

This is a real estate tax assessment appeal brought by Filbern Manor Apartments (Filbern) against the Board of Assessment Appeals (Board). The taxing authorities, West Newton Borough, Westmoreland County and Yough School District (together referred to as Municipalities), have intervened. The trial court did not reach the merits of the appeal because it believed Filbern had no standing to appeal to court. We reverse.

West Newton Borough is the owner in fee of certain real estate located in the borough which it leases to Claridge Properties, a New York partnership. The lease agreement (Lease) was executed by the parties on December 22, 1977, and provides for a 99–year term. Claridge Properties later assigned the Lease to Claridge Associates (Lessee), a Penn-

sylvania limited partnership. Filbern Manor is an unregistered fictitious name used by Claridge Associates.

West Newton Borough leased the subject real estate with the understanding that the Lessee would build housing for elderly and other citizens on it in connection with state and federal housing programs. Lessee began building the apartment buildings on the premises shortly after the Lease was executed. For several years since the execution of the Lease and the construction of the buildings, the taxing authority issued tax assessments for the improved property in Filbern Manor's name, and Filbern Manor paid the taxes.

For the year 1986, taxes were assessed against the improved property based on an assessed value of $1,643,-970.00. Filbern appealed that assessment to the Board. The Board upheld the assessment value, and Filbern appealed the decision to the Court of Common Pleas of Westmoreland County.

In the court of common pleas, the Board and the Municipalities, as intervenors, filed a motion to dismiss the appeal on the grounds that Filbern is not a legal entity and is not the Lessee of the property (the successor to Claridge Properties' interest is technically Claridge Associates, rather than Filbern), and therefore has no interest in the tax assessment. Further, the motion asserted that Filbern was not the "owner" of the property for local tax purposes, and therefore had no standing to appeal to a court under the General County Assessment Law (Law), Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. §§ 5020–1 to 5020–520.

The common pleas court found that Filbern Manor was a business name used by Claridge Associates and that the Board treated Filbern Manor as the taxpayer and dealt with it accordingly. Moreover, the court found that the issue of taxpayer status was not raised at the appeal before the Board. The court reasoned that the Board could not now complain that Filbern was not a legal entity, nor the alter ego of Lessee, able to challenge the appropriateness of the assessment. Standing to prosecute a tax appeal in court is another matter, however, and is governed by Section 518.1

of the Law. The court granted the motion to dismiss on the grounds that Filbern was a mere lessee and not the "owner" of the property for tax appeal purposes.

Filbern appealed the dismissal of its appeal to this Court and the Board and Municipalities filed a cross-appeal continuing to argue that Filbern is not a legal entity and is not synonymous with the Lessee.

The issues raised in this appeal are: 1) whether the Lessee is the "owner" of the property in question, and as such is a proper party to appeal to the court of common pleas; and 2) whether Filbern is a legal person or is synonymous with the Lessee of the property.

The General County Assessment Law provides for appeals to court as follows:

> Any owner of real estate or taxable property in this Commonwealth, who may feel aggrieved by the last or any future assessment or valuation of his real estate or taxable property, may appeal from the decision of the county commissioners, acting as a board of revision, or the board of revision of taxes, or the board for the assessment and revision of taxes,[1] or the Board of Property Assessment, Appeals and Review, in counties of the second class, as the case may be, to the court....

Section 5020-518.1 of the Law, *as amended*, 72 P.S. § 5020-518.1(a) (footnote added).[2] This provision applies to taxes assessed by third class counties such as Westmoreland

1. The term "board for the assessment and revision of taxes" is defined as the "board for the assessment and revision of taxes in counties of the second, second A and third classes." Section 102 of the Law, *as amended*, 72 P.S. § 5020-102.

2. See also Section 519 of the Law, *as amended*, 72 P.S. § 5020-519 which provides for appeals from the trial court order as follows: Any owner of real estate or taxable property in this Commonwealth, or any county, city, borough, town, township, school district or other public corporation having power and authority to levy taxes on the assessment of his real estate or taxable property in question, may appeal from the judgment, order or decree of any court of common pleas, in any matter affecting the assessment of taxes on said property.

County, as well as counties of other classes. Section 1 of the Law, 72 P.S. § 5020–1.

In *Marcus Hook Development Park v. Board of Assessment Appeals of Delaware County,* 68 Pa.Commonwealth Ct. 229, 449 A.2d 70 (1982), we held that tax assessment appeals to court must be prosecuted by the "real owner." *Id.,* 68 Pa.Commonwealth Ct. at 233, 449 A.2d at 73. We determined that *Marcus Hook* was only the lessee of certain taxable real estate and was not the "real owner;" consequently we held it had no right to appeal a real estate tax assessment to court.[3]

The facts of the case now before us are distinguishable from those of *Marcus Hook,* and are in fact more closely analogous to other cases decided by us since our opinion in *Marcus Hook.* In *Marcus Hook,* the borough leased real estate to the development company, but there was no mention of taxable leasehold improvements owned by the lessee of the land. In the present case, while the land is leased from the borough, the buildings belong to Lessee.

Recently in *Blue Knob Recreation, Inc. Appeal,* 122 Pa.Commonwealth Ct. 156, 551 A.2d 9 (1988) *petition for allowance of appeal denied,* 522 Pa. 597, 562 A.2d 321 (1989), we were asked to determine whether leasehold improvements built on land which the Commonwealth leased to Blue Knob were subject to taxation as real estate. The lease provided for thirty-five one-year terms and renewed automatically each year. We stated, "[i]n Pennsylvania, the general rule concerning a lessee's tax liability is whether 'there are indicia that the title to the improvements, as well as the leasehold itself, remains in the lessee during the term.'" *Id.,* 122 Pa.Commonwealth Ct. at 158, 551 A.2d at 10 (quoting *Venango Federal Savings and Loan Association v. County of Venango,* 73 Pa.Commonwealth Ct. 313, 315, 457 A.2d 1340, 1341 (1983)). In *Blue Knob,* the county did not assess the lessee for any of the buildings in existence prior to the execution of the lease, or on the land, but

**3.** In contrast, assessment appeals may be prosecuted before the *board* by "any person aggrieved." Act of June 26, 1931, P.L. 1379, *as amended,* 72 P.S. § 5349(c).

only on a new lodge constructed by the lessee, and which the court held was owned by Blue Knob.

Our inquiry into ownership of the leasehold improvement in *Blue Knob* focused on the terms of the lease and the intentions of the parties as to ownership. *See also, Venango Federal Savings and Loan.* We held that the facts demonstrated that Blue Knob owned the particular improvements (buildings), and that the property was taxable. As the owner of the taxable property, Blue Knob clearly had standing to appeal under the provisions of the Law cited above.

■ Turning our attention to the facts now before us, we are convinced that the parties intended that the Lessee is the owner of the leasehold improvements. Paragraph 8(b) of the lease provides:

Except as may otherwise be provided for herein, all buildings, additions, improvements, equipment and appurtenances on or in the demised premises at the commencement of the term, and any buildings, alterations, rebuildings, replacements, changes, additions, improvements, equipment and appurtenances that thereafter may be erected, installed or affixed on or in the demised premises during the term, *are and shall be deemed to be the property of the Tenant.* (Emphasis added).

In addition, the default provision of the lease in Paragraph 12 states, *inter alia,* that in the event of default "all title to the buildings and the property of the Tenant therein shall be forfeited to the Landlord." Since title to the improvements is vested in the Lessee, and since that property is taxable, it necessarily follows that Lessee is the owner of "taxable property," and as provided in Section 518.1 of the Law, it may prosecute an appeal to the court.

■ With respect to the Municipalities' claim that Filbern Manor may not prosecute an appeal in its name since it is not the Lessee or a legal person, we affirm the trial court. The Municipalities sent the tax assessment in the name of Filbern Manor and has been dealing with the Lessee under

that name for a number of years. Under such circumstances, the Municipalities may not now claim they did not know the true identity of the Lessee, or that they have been prejudiced by the prosecution of the appeal under that name. *Macy v. Oswald,* 198 Pa.Superior Ct. 435, 182 A.2d 94 (1962); *Ross v. McMillan,* 172 Pa.Superior Ct. 298, 93 A.2d 874 (1953). Therefore we affirm the trial court's denial of the motion to dismiss on this basis, and dismiss the cross-appeal.

Accordingly, we grant the appeal of Filbern Manor, and reverse the order of the Court of Common Pleas of Westmoreland County. Further, we deny the cross-appeals of the Board of Assessment Appeals, West Newton Borough, Westmoreland County and Yough School District.

## ORDER

AND NOW, this 3rd day of April, 1991, the order of the Court of Common Pleas of Westmoreland County dismissing the appeal of Filbern Manor Apartments in the above-captioned matter is hereby reversed and the matter is remanded to the trial court for further proceedings.

IT IS FURTHER ORDERED, that the cross-appeal is denied.

Jurisdiction relinquished.

PALLADINO, Judge, concurring.

I concur in the result but write separately because the majority, in holding that Filbern Manor has standing to appeal the tax assessment, relies only on Filbern Manor's ownership of the improvements which it made to the real property. I believe that it is the duration of Filbern Manor's lease, namely 99 years, which confers upon Filbern Manor an equitable interest in the real property itself sufficient to grant it standing to appeal the tax assessment.

The Borough of West Newton (Borough) is the record owner of the real property which is the subject of Filbern Manor's tax assessment appeal. Filbern Manor entered

into a 99 year lease for the property with the Borough and thereafter constructed a subsidized housing development on the land. After Filbern Manor appealed the tax assessment imposed upon the property by the Westmoreland County Board of Assessment Appeals, taxing authorities intervened and filed motions to quash Filbern Manor's appeal challenging standing. Trial court quashed the appeal, holding that Filbern Manor is not the owner of the property and therefore lacks standing to appeal the tax assessment.

*Blue Knob Recreation, Inc. Appeal,* 122 Pa.Commonwealth Ct. 156, 551 A.2d 9 (1988), *petition for allowance of appeal denied,* 522 Pa. 597, 562 A.2d 321 (1989), to which the majority points, addresses just the opposite of the problem before us. In *Blue Knob,* the question before the court was whether improvements built on real property owned by the commonwealth were taxable to the lessee. The court's analysis was guided by the general rule that a lessee's tax liability is based upon whether there are indicia that the title to the improvements, as well as the leasehold itself, remain in the lessee during the term. This court held that, because the lease indicated that improvements to the property passed to the lessor at the conclusion of the thirty-five year lease, title to the improvements was reserved to the lessee until expiration of the lease, and thereby taxable to the lessee.

*Blue Knob* dealt with the question of whether the lessee was liable for taxation of the improvements made on government property where there were no provisions in the lease as to payment of taxes on the improvements. In the case before us, there is no question that Filbern Manor, by lease, is obligated to pay the real estate taxes. The only issue remaining is who can challenge the amount of the tax assessment. *Blue Knob,* however, is instructive in the case before us because the court examined the length of the lease and the reversion of improvements to determine ownership of the improvements and indicated that these factors could indicate ownership of the real property itself.

The lease between Filbern Manor and the Borough is for 99 years. The duration of this lease is a clear indication that the parties intended to place ownership of the improvements and the real property in Filbern Manor for an extended period. This interest is a sufficient equitable interest in the property to grant lessee standing to appeal the tax assessment.

An equitable interest in real estate is subject to taxation. *Appeals of Baltimore & Ohio Railroad,* 405 Pa. 349, 175 A.2d 841 (1961). Because an equitable interest in real estate is subject to taxation, I believe that the owner of an equitable interest in real estate has standing under 518.1[1] to appeal the tax assessment.

---

1. Section 5020–518.1 of the Law, *as amended,* 72 P.S. § 5020–518.1(a) provides in pertinent part as follows:

> Any owner of real estate or taxable property in this Commonwealth, who may feel aggrieved by the last or any future assessment or valuation of his real estate or taxable property, may appeal from the decision of the county commissioners, acting as a board of revision, or the board of revision of taxes, or the Board of Property Assessment, Appeals and Review, in counties of the second class, as the case may be, to the court....