**Mountain Manor Development Co., LP v. Monroe County Board of Assessment Appeals**

*Francis J. Hoegen*, for plaintiff.

*Mark Love*, for defendant Monroe County Board of Assessment Appeals.

*Christopher Brown*, for defendant East Stroudsburg Area School District.

ZULICK, *J.*, June 11, 2013—The Monroe County Board of Assessment Appeals and the East Stroudsburg Area School District (board/district) have filed a petition

to quash this real estate tax assessment appeal. The appeal was filed on November 8, 2012. The petition to quash was filed on January 24, 2013. Although the appeal states that it was filed by Mountain Manor Development Company, L.P., (Mountain Manor L.P.) it was actually filed by Mountain Manor Inn, Inc., Mountain Manor, Inc., Mountain Manor Estates, Inc. and Holjak IH, Company, Inc. (Mortgagees) who jointly hold a mortgage on the property. The Mortgagees contend that they are the attorney-in-fact for Mountain Manor L.P. pursuant to a power of attorney in the mortgage instrument. See mountain manor development company's answer to respondents' joint petition to quash appeal, ¶5. The mortgagees admit that they do not have legal title to the property.

The mortgagees have attached their mortgage as exhibit 1 to their answer. *Id.* They allege that the owner of the property, Mountain Manor L.P., is in default of its payment obligations under the mortgage. *Id.* The mortgagees contend that they have the right to pursue this appeal, even though they do not have legal title to the property, for two reasons. Their first argument is that as a mortgagee, they are an equitable owner of the property. The second is that they are Mountain Manor L.P.'s attorney-in-fact due to a power of attorney found in the mortgage.

A closer look at the mortgagees' second argument reveals that the power of attorney in the mortgage does not authorize the mortgagees' filing of this appeal. It has been a fundamental principle that powers of attorney are strictly construed and the grant of special powers is not to be enlarged unless this is clearly intended. *Schenker v. Indemnity Insurance Company of North America*, 340

Pa. 81, 16 A.2d 304 (1940); *Campbell v. Foster Home Association,* 163 Pa. 609, 30 A. 222 (1894). Nevertheless, it has also been held that "the rule of strict construction will not be allowed to defeat the very purpose of the agency," and "[w]here the agent has authority to exercise discretion his exercise thereof will bind the principal." *Cardon's Estate,* 278 Pa. 153, 156-57, 122 A. 234, 235 (1923). *See also Nuzum v. Spriggs,* 357 Pa. 531, 55 A.2d 402 (1947). *Estate of Reifsneider,* 531 Pa. 19, 22, 610 A.2d 958, 960 (Pa., 1992).[1]

The mortgagees rely upon paragraph 13(d)(1) of the mortgage as authority for their appeal of the property tax assessment. That paragraph provides as follows:

13. Remedies

Upon the happening of any one or more of said Events of Default...Mortgagee may forthwith undertake any one or more of the following:

...(d) Take such other action to protect and enforce Mortgagee's rights hereunder and the lien hereof, and under the Note, as Mortgagee deems advisable, including but not limited to:

...(3) Based on this paragraph, which shall constitute a power of attorney from Mortgagor to Mortgagee

---

1. Pennsylvania adopted a statutory regulation of powers of attorney in 1982 at 20 Pa.C.S.A. §5601 et. seq. Section 5601 now provides that In addition to all other powers that may be delegated to an attorney-in-fact, any or all of the powers referred to in section 5602(a) (relating to form of power of attorney) may lawfully be granted in writing and, unless the power of attorney expressly directs to the contrary, shall be construed in accordance with the provisions of this chapter.

coupled with and (sic) interest, Mortgagee's filing as the attorney-in-fact for Mortgagor an assignment of declarant rights and special declarant rights from Mortgagor to Mortgagee or its assigns, at Mortgagee's sole option.

Mortgage, exhibit 1, Mountain Manor L.P.'s answer.

The mortgagees contend that this language in the mortgage authorizes them to file "this tax assessment appeal as the attorney-in-fact" for Mountain Manor, L.P. Mortgagee's brief, unnumbered page 5. The board/district respond that the power of attorney means only what it says; that the mortgagees have the right to assign declarant rights.

I find that this power of attorney does not authorize the filing of this appeal. The grant of authority from Mountain Manor L.P. in the mortgage says nothing about the right to challenge a tax assessment appeal. If this power was granted, it would have been easy for the parties to have said so. 20 Pa. C.S.A. §5602 (22) and §5603 (u) provide that a power of attorney which authorizes the agent "to pursue tax matters" shall mean that the agent may "protest and litigate tax assessments." *Id.* §5603(u). Strict construction of the actual language in the mortgage does not authorize the mortgagees to prosecute this tax assessment appeal.

The mortgagees also contend that they have the right to pursue this appeal in their own right. The Consolidated County Assessment Law, 53 Pa.C.S.A. §8801 et. seq. (CCAL) applies to counties of the fourth class, which is Monroe County's designation. *Id.* Section 8801 (b). The CCAL provides in 53 Pa.C.S.A. §8844(c)(1) that:

Any person aggrieved by any assessment, whether or not the value thereof shall have been changed since the preceding annual assessment, or any taxing district having an interest in the assessment, may appeal to the board for relief...

Following an appeal to the board, any appellant, property owner or affected taxing district may appeal the board's decision to the court of common pleas. 53 Pa.C.S.A. §8854.

The mortgagees contend that they are a "person aggrieved" by the assessment of these properties because the owner, Mountain Manor L.P., has not paid the mortgage in more than one year, the real estate taxes are delinquent, and the property which is subject to the mortgage has fallen into disrepair. They cite the need to challenge the assessment of the properties to preserve the equity in the property.

The board/district opposes the mortgagees' standing to pursue this appeal because they do not have an ownership interest in the property and are not subject to taxation for the property.

The Pennsylvania Supreme Court held in *Appeal of Baltimore and O.R.R*, 175 A.2d 841 (Pa. 1961), that the owner of an equitable title in land could be taxed, and by implication, could challenge an assessment. There, the B & O Railroad appealed a tax although it did not own the property. Blue Knob appealed to the court from the assessment of taxes upon the ski lodge. The Commonwealth Court held that the lease gave Blue Knob possession and sufficient indicia of ownership of the ski

lodge to justify the tax assessment and the appeal.

The West Newton Borough owned property which was the subject of the appeal in *Filbern Manor Apartments v. Board of Assessment Appeals,* 589 A.2d 279 (1991), *appeal denied,* 529 Pa. 626, 600 A.2d 541 (1991). The Borough leased the property for a 99-year term to Filbern Manor with the understanding that the lessee would build low-income housing on the tract. Tax assessments for the property were issued to Filbern Manor, and Filbern Manor paid the taxes. The Commonwealth Court held that that the lessee was the owner of the leasehold improvements, and was therefore the owner of the "taxable property" for purposes of the appeal. The court later commented on this holding as follows:

> Summarized, Blue Knob and Filbern Manor decisions stand for the proposition that the tenant with a long-term leasehold interest in public property is taxable "on the theory that he either owns the fee or something equivalent."

*In re West Allegheny School District,* 797 A.2d 414, 417-418 (Pa. Cmwlth. 2002).

The court continued this line of decisions in the case of *In re West Allegheny School District,* 797 A.2d 414 (Pa. Cmwlth. 2002). There, the court held that the holder of a seven-year commercial sub-lease that obligated the sub-lessee to pay the real estate taxes had standing to challenge a tax assessment. The court stated that the sub-lessee was "the 'owner' of a non-freehold, possessory interest in the taxable property for a term of years, something less than legal or equitable ownership, but ownership assessment

levied against property it possessed under an executory agreement of sale with the owner, the Commonwealth of Pennsylvania. The court held that the railroad was the proper subject of taxation because it had equitable title and possession.

In *Marcus Hook Development Park, Inc. v. Board of Assessment Appeals of Delaware County*, 449 A.2d 70, 73 (Pa. Cmwlth. 1982), Marcus Hook Development leased acreage from the Borough of Marcus Hook. Marcus Hook Development filed an appeal of the tax imposed upon the Borough for the property. The Commonwealth Court held that the borough was the owner of the property and the proper party to appeal an assessment:

> Here the borough is the real owner, as owner of record and beneficial owner as well. MHD, as lessee, although obligated by lease to pay the taxes to or on behalf of the borough, does not, by virtue of that lease provision, become the taxpayer in the place of the borough.

*Id.* at 73.

The *Marcus Hook* court noted that "(t)he Pennsylvania Supreme Court has consistently interpreted the real estate tax laws to tax the real owner, *North Philadelphia Trust Co. v. Heinel Bros., Inc.*, 172 A. 692 (Pa.1934), which need not be the record owner, but may be the equitable owner, *Baltimore and Ohio Railroad Appeal,* 405 Pa. 349, 175 A.2d 841 (1961)" *Id.*

Later cases broadened the concept of an "owner" entitled to challenge a tax assessment. The Commonwealth Court allowed standing for a commercial tenant in *In re Blue*

*Knob Recreation, Inc.*, 551 A.2d 9 (Pa. Cmwlth. 1988), *appeal denied*, 522 Pa. 597, 562 A.2d 321 (1989). There, *Blue Knob Recreation, Inc.* built a ski lodge on land leased from the Commonwealth. Blue Knob was assessed for the value of the ski lodge, nonetheless for the purposes of Section 518.1." *Id.* at 418 (footnotes omitted). *See also West Mifflin Area School Dist. v. Board of Property Assessment*, 802 A.2d 687, 690 (Pa. Cmwlth. 2002) (sub-tenant has standing).

Here the mortgagees argue that they have an "equitable interest" in the subject property by virtue of their recorded mortgage, which gives them standing for this appeal. The mortgagees have cited no cases granting standing in a tax assessment appeal to a mortgagee. In the line of cases discussed above, standing was upheld for parties with an ownership interest in the land. Ownership may have been through equitable title or possession of property under a lease agreement that required the tenant to pay the real estate taxes.

Pennsylvania law recognizes that mortgages, although involving a conveyance, act as security interests or liens. *See In re State Tax on Foreign-Held Bonds*, 15 Wall. 300, 82 U.S. 300, 322-23, 21 L.Ed. 179 (1872) ("Though in form a conveyance, [a mortgage] was both at law and equity a mere security for the debt. That such is the nature of a mortgage in Pennsylvania has been frequently ruled by her highest court."). *Pines v. Farrell*, 577 Pa. 564, 574, 848 A.2d 94, 100 (Pa. 2004). Mortgages are merely security interests for the payment of money, performance or other collateral. *E.g., Winthrop v. Arthur W. Binns, Inc.*, 160 Pa. Super. 214, 50 A.2d 718, 719 (1947). "A mortgage

is only a lien or incumbrance on the land mortgaged, and that the mortgagee has no estate in the land." *In re State Tax on Foreign-Held Bonds, supra* 82 U.S. at 314 ("[I] n Pennsylvania ...); *In re City of Philadelphia, Fortieth Ward*, 63 A.2d 42, 43 (Pa. 1949) ("[A] mortgage is both in law and in equity only a security for the payment of money and passes no title to the land. The mortgagor is the owner of the land."). *Pines v. Farrell, supra* at 99.

Here the mortgagees do not have an ownership interest in the property. The mortgagees are not obligated by a lease or agreement to pay the taxes on the property. There is no allegation that the mortgagees have commenced a foreclosure action. There is also no allegation that the mortgagees have paid any of the owner's delinquent taxes. The mortgagees are not in possession of the property. Whether the mortgagees' interest will mature into an ownership interest is dependent upon the outcome of future actions or omissions by the owner of the property. If a mortgagee is generally given the right to challenge an assessment, the outcome may be adverse to the interests of the owner, who will then be legally obligated to pay the assessment as modified.

It is true that under circumstances such as those that exist here, a mortgagee may be the party who pays delinquent taxes on a property, but until the security interest develops into something more closely akin to an ownership interest, the mortgagee is not "a person aggrieved by an assessment."

### ORDER

And now, this 11th day of June, 2013, following

consideration of the joint petition to quash appeal filed by the Monroe County Board of Assessment Appeals and the East Stroudsburg Area School District and the parties' briefs and arguments, it is ordered that:

1. The petition to quash the appeal is granted.

2. This appeal is dismissed.