J-A08018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SANTANDER BANK, N.A., FORMERLY KNOWN AS SOVEREIGN BANK, N.A., SUCCESSOR IN INTEREST TO PREFERRED CAPITAL BIDCO, INC., B.A.R. RIVERSIDE LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| ZIVELI DEVELOPMENT CORPORATION D/B/A JEFFRIES LANDING, JEFFREY P. SYNDER AND GEORGENE M. SYNDER | |
| Appellants | No. 555 WDA 2018 |

Appeal from the Order Entered March 22, 2018
In the Court of Common Pleas of Beaver County
Civil Division at No: 32343-2014

BEFORE: PANELLA, P.J., STABILE, and McLAUGHLIN, JJ.

MEMORANDUM BY STABILE, J.: **FILED AUGUST 12, 2019**

Ziveli Development Corporation d/b/a Jeffries Landing, Jeffrey P. Snyder and Georgene M. Snyder (collectively "Ziveli") appeal from the March 22, 2018 order entered in the Court of Common Pleas of Beaver County granting the "Petition to Permit Access to/and Control of Real Estate during Pendency of Litigation" filed by Appellee, B.A.R. Riverside, LLC "(Riverside).[1] Ziveli

---

[1] In addition to Riverside, Appellees include Santander Bank, N.A., formerly known as Sovereign Bank, N.A., successor in interest to Preferred Capital BIDCO, Inc. Santander Bank obtained a judgment against Appellants in an amount in excess of $2,000,000. The judgment was assigned to Cadles of

contends the trial court committed error of law in five different respects in granting the petition. However, because the order appealed from is not an appealable order, we quash the appeal.

Briefly, in 2008, Ziveli obtained a mortgage that encumbered six parcels collectively known as Jeffries Landing in Beaver, Pennsylvania.[2] On October 29, 2014, the mortgagee's successor in interest filed a complaint and confession of judgment against Ziveli for failure to make the required payments. On December 3, 2014, Ziveli filed a petition to strike or open the judgment. The matter was continued several times by the parties in 2015. Four status conferences took place between mid-2015 and mid-2017. As of this time, no dispositional order has been issued on the petition to strike or open.

Between 2014 and 2018, there were a number of assignments of the loan at issue, with the most recent assignment in favor of Riverside. In 2018, Riverside filed a petition to permit access to and control of the real estate to prevent further deterioration of the secured property. Following a March 21, 2018 hearing, the trial court issued an order granting the petition and awarded Riverside "full access to and control over the Jeffries Landing Building

---

West Virginia, LLC, and later to Appellee, Riverside. For the sake of simplicity, we shall refer to Riverside only as the Appellee.

[2] While not important to our disposition of this matter, we note that five of the six parcels were sold at sheriff sale in 2013 to an entity managed by Blaine Roberts. Roberts also manages Riverside.

including, but not limited to, occupying, repairing, activating utilities, insuring, and retaining all income generated therefrom until such time as [Riverside] obtains legal title to said property." Order, 3/22/18, at 1. Ziveli filed a timely appeal. Both Ziveli and the trial court complied with Pa.R.A.P. 1925.

Before considering any issues raised by Ziveli, we must determine whether we have jurisdiction over this appeal. "The appealability of an order directly implicates the jurisdiction of the court asked to review the order." **Commonwealth v. Sabula**, 46 A.3d 1287, 1290 (Pa. Super. 2012) (citation omitted). "[S]ince we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order." **A.J.B. v. A.G.B.**, 180 A.3d 1263, 1270 (Pa. Super. 2018) (citations omitted) (alteration in original).

In its docketing statement, Ziveli indicated that the order was appealable as a collateral order under Pa.R.A.P. 313. Civil Docketing Statement, 5/15/18, at 1 ¶ C. However, in its brief, Ziveli abandoned its contention that the order is appealable as a collateral order and instead indicates the order is appealable as an interlocutory appeal as of right pursuant to Pa.R.A.P. 311(a)(2), *i.e.*, as an appeal from an order "confirming, modifying, or dissolving or refusing to confirm, modify or dissolve an attachment, custodianship, receivership, or similar matter affecting the possession or control of property." Appellant's Brief at 1.

- 3 -

While Ziveli now invokes this Court's jurisdiction under Rule 311(a)(2), Ziveli does not contend that any attachment, custodianship or receivership is at issue or is the subject of the trial court's order. Instead, he argues that the trial court "improperly ruled upon [Riverside's] unverified petition without due process" and, in doing so, "exceeded the authority of Pa.R.C.P. 3118 by granting possession of the property to [Riverside] and changing the status quo." Appellant's Brief at 8.

Rather than address the issue of jurisdiction under Rule 311(a)(2), Ziveli focuses on Pa.R.A.P. 3118, which provides for supplementary relief in aid of execution. However, Riverside did not seek entry onto the property as a request in aid of execution. In light of the pending petition to open or strike the confessed judgment, execution is not yet an available option. Clearly, the trial court's order does not deprive Ziveli of ownership of Jeffries Landing. As the trial court recognized, a mortgagee is entitled to take and hold possession of a property until the mortgagor pays the outstanding deft, "but the mortgagor remains the 'real owner' of the property; the mortgagee does not obtain legal title until the foreclosure process is complete." Trial Court Opinion, 6/15/18, at 4 (citing **Winthrop v. Arthur W. Binns, Inc.**, 50 A.2d 718, 719 (Pa. Super. 1947)). Here, the trial court did not eliminate all of Ziveli's rights to the property. "While their rights may now be limited to those of a mortgagor in default, the [c]ourt does not believe or allege Ziveli is no longer the legal owner." **Id.**

- 4 -

Although the trial court did not address the appealability of its order, Riverside asserts the order is interlocutory and unappealable. Appellee's Brief at 8-9. This Court addressed Rule 311(a)(2) with respect to real property in related cases involving the same parties. In **Rappaport v. Stein**, 506 A.2d 393, 395 (Pa. Super. 1985), appeal granted on other grounds, 513 A.2d 391 (Pa. 1986), ("**Rappaport I**"), the appellant claimed this Court had jurisdiction under Rule 311(a)(2) over an appeal from an order appointing a real estate management firm to manage investment properties owned by the parties' investment partnership. This Court held:

> We hold that the order in question does not satisfy the jurisdictional requirements of Pa.R.A.P. 311(a)(2); it does not relate to "an attachment, custodianship, receivership or similar matter affecting the possession or control of property." The real estate firm was empowered to collect rents and perform routine management functions but was barred from selling, encumbering or renovating the properties. This limited management function is not the "possession or control of property" which justifies an exception to the nonappealability of interlocutory orders. We therefore quash the appeal for lack of jurisdiction.

**Id.** at 395-96.

In further proceedings between the two parties, the trial court entered an order giving the management firm even more authority over the properties. However, that order indicated the firm had no authority to sell or encumber the properties, use assets of the entities to purchase other properties, or enter into contracts for extensive renovations or alteration of the properties. On appeal, this Court again quashed the appeal, finding there was no suggestion in the order that appellees have "now been given the power actually to

- 5 -

consummate the sale of the properties with no further involvement of the court." *Rappaport v. Stein*, 520 A.2d 480, 483 (Pa. Super. 1987) ("*Rappaport II*").

In the instant case, Riverside argues:

It is submitted that the order of the lower court is not one that confirms, modifies, or dissolves an attachment, custodianship or receivership, nor is it one that refuses to do so. The order of the lower court has nothing to do with attachments, custodianships, receiverships or similar matters. Rather it is a simple interim order allowing the party that has acquired an interest in the property to preserve it while it proceeds to acquire title.

Appellee's Brief at 9. Therefore, Riverside contends, as did the appellees in *Rappaport I* and *Rappaport II*, the order is interlocutory and this Court lacks jurisdiction under Rule 311(a)(2). Again, the order here permits Riverside to, *inter alia*, "occupy, repair, activate utilities, and insure" the Jeffries Landing Building "until such time as [Riverside] obtains legal title to said property." On the face of the order, it is clear the order does not confirm, modify or dissolve an attachment, custodianship, receivership, or similar matter affecting the possession or control of property. Just as in the *Rappaport* cases, the order in question does not deprive Ziveli of actual ownership of the property but simply authorizes Riverside to preserve its interest in the property. Consequently, this Court lacks jurisdiction over the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2019